# WILLIAM WHEELER *et al.*

### *v.*

# THE CITY OF CHICAGO.*

1. SPECIAL ASSESSMENTS *in Chicago—evidence admissible to defeat a judg ment.* Upon an application for judgment upon a special assessment in the city of Chicago, it is admissible for the objectors to prove, under a proper objection filed to a recovery of the judgment, that the commissioners of the board of public works did not take the oath to faithfully execute their duties, as required by the statute. This provision of the statute being imperative, the omission of the commissioners to take the oath prescribed before proceeding to make the assessment, invalidates the proceeding.

2. It is also a fatal objection to a recovery, that the commissioners did not, in fact, have any meeting at a public place, at the time designated in their notice of the assessment.

APPEALS from the Superior Court of Chicago.

The questions in these records arise upon an application for judgments upon a special assessment, in the city of Chicago against certain lots of ground. The city recovered judgment, and the objectors appeal.

Per CURIAM: These records present the same questions. It appears from the record in each case that, upon the trial in the court below, under a proper objection filed to the recovery of the judgment, appellants offered to prove that the commissioners of the board of public works did not take the oath to faithfully execute their duties, as required by the statute. The statute is imperative, and if they wholly omitted taking the oath prescribed, before proceeding to make the assessment, such

---

* This case and the following are considered in the same opinion: *Unknown Owners & Martin O. Walker* v. *The City of Chicago; Charles Follansbee & D. M. Tucker* v. *Same; S. J. McCormick & M. O. Walker* v. *Same; Chicago & Great Eastern R. R. Co. and Cornelius W. Story* v. *Same; Unknown Owners & Martin O. Walker et al.* v. *Same*; *L. C. P. Freer and Azel Dorathy et al.* v. *Same.*

omission would, under this statute, invalidate the proceedings. The evidence was admissible, and it was error to exclude it.

It was also competent to prove, under a proper objection to the recovery, that the commissioners did not, in fact, have any meeting at a public place, at the time designated in their notice of the assessment. In some of the cases, such evidence was offered and excluded by the court. This was error, also.

Finding error in these records, the judgments of the court below will be reversed and the causes remanded.

*Judgments reversed.*