Johnson v. The State, for Use of Davidson, Drainage Commissioner.

Filed Dec. 19, 1888.

---

No. 13,154.

### JOHNSON v. THE STATE, FOR USE OF DAVIDSON, DRAINAGE COMMISSIONER.

DRAINAGE.—*Enforcement of Assessment.*—*Complaint.*—*Sufficiency of Petition in Drainage Proceeding.*—It is not necessary that a complaint to enforce a drainage assessment should aver that the persons named in the petition were land-owners at the time it was signed, as the judgment in the proceeding establishing the drain is conclusive as to the sufficiency of the petition. It is enough for the complaint to show the petition, notice and judgment thereon. It is also not necessary that the record should affirmatively show that assessments were made from time to time.

From the Benton Circuit Court.

*D. E. Straight, U. Z. Wiley* and *S. F. Carter,* for appellant.

*A. W. Reynolds* and *E. B. Sellers,* for appellee.

ELLIOTT, J.—This action is prosecuted by the relator to

recover an assessment levied under the drainage law of 1881.

The appellant assails the complaint, but, as we think, without success. It is not, as counsel assume, necessary that a complaint to enforce a drainage assessment should aver that the persons named in the petition were land-owners at the time it was signed. It is enough for the complaint to show the petition, notice and judgment thereon. The judgment of the court settled the question of the sufficiency of the petition and all kindred questions. R. S. 1881, section 4280. Having once adjudged the petition sufficient, the court was not bound to again adjudicate upon it. Indeed, it had no right to do so in a collateral proceeding like this. The section of the statute to which we have referred makes the judgment conclusive, but it would be so in such a case as this without the statute. *Montgomery* v. *Wasem, ante,* p. 343.

The complaint shows that notices were posted and that the court in the original proceedings adjudged the notice sufficient, and this judgment can not be collaterally questioned. *Prezinger* v. *Harness,* 114 Ind. 491.

There are very many cases declaring this doctrine. We do not deem it necessary to cite them all, but content ourselves with referring to a few of the many. *Pickering* v. *State, etc.,* 106 Ind. 228; *Kleyla* v. *Haskett,* 112 Ind. 515, and cases cited; *Hackett* v. *State, etc.,* 113 Ind. 532; *Montgomery* v. *Wasem, supra.*

Other objections urged to the complaint are, as we are satisfied from a careful examination of it, founded upon a misapprehension of its allegations.

What we have said upon the subject of a collateral attack, in disposing of the objections to the complaint, applies to the questions made upon the admissibility of the proceedings in the Stamford ditch case.

We do not think it necessary that the record should affirmatively show that assessments were made from time to time, for we are of the opinion that where it appears that an

assessment was made upon petition and notice, and that it was adjudged regular and proper in the original proceedings, it constitutes a valid and enforceable assessment.

