Filed Oct. 17, 1890.

---

No. 15,560.

## THE BARBER ASPHALT PAVING COMPANY ET AL. *v.* EDGERTON ET AL.

MUNICIPAL CORPORATION.—*Street Improvement.*—*Section 2, Acts 1889, p. 239, Construed.*—The common council of a city may, under section 2, Acts 1889, p. 239, declare in the same resolution the necessity for a proposed street improvement, and order the same to be made. It is not necessary under said section to first pass a resolution declaring the necessity of such improvement, and then afford those interested an opportunity to be heard as to the necessity for the construction of said work before a valid order can be made for such improvements. It is a substantial compliance with the requirements of the statute to embrace both mat-

The Barber Asphalt Paving Company *et al. v.* Edgerton *et al.*

ters in one resolution, and the doing so will not render the proceedings . void.

SAME.—*Imposition of Burdens upon Private Property.—Statute Relating to.— How Construed.—Failure to Comply Strictly with Statutory Requirements.— Collateral Proceeding.—Jurisdiction.*—Statutes granting to municipal corporations powers which involve the imposition of burdens upon private property are to be strictly construed, and where such statute requires the doing of some particular thing, in its nature jurisdictional, as a condition precedent to the right to impose such burden, the failure to do the thing required will render the whole proceeding void. In matters of local improvement, however, where jurisdiction over the whole subject is conferred upon a municipal corporation, with power to make local assessments for that purpose, any failure to comply strictly with any statutory requirement, not affecting the jurisdiction, will be regarded as a mere irregularity, and in a collateral proceeding will be disregarded.

SAME.—*Common Council.—Order for Proposed Improvement.—Nature of.—How far Binding.*—An order entered by the common council of a city to make a particular improvement, is not in the nature of a judgment. It is a mere preliminary step, looking to a public improvement to be made or not, as the common council in its discretion may determine, from which it may recede at any time before the contract for the improvement is concluded.

SAME.—*Local Improvement.—Statutory Requirements Concerning.—Attempt of Municipality to Comply with.—When Proceedings not Void.*—Where the whole subject of the matter of local improvement, and the assessments to be made in aid thereof, is conferred upon municipal corporations. having charge of, and exclusive original jurisdiction over, such improvement, as in this State, the proceedings of such corporation will not be held void where there has been an attempt to comply with a statutory requirement, though such attempt does not amount to a strict compliance with the statute, if the corporation, in addition to its jurisdiction over the subject-matter, acquires jurisdiction over the persons to be affected. In this case there was an attempt to comply with the statute. A petition was filed, the resolution declaring the necessity for the improvement was adopted, and the statutory notice was given.

SAME.—*Necessity of Proposed Improvement.—Common Council Must Determine. —Matter of Benefits and Costs.—Right of Property-Owners to be Heard as to.— Sections 6 and 7, Acts 1889, pp. 242-3, Construed.*—As to whether or not a particular improvement is necessary, must, of necessity, be left to the discretion of the common council of the city where the improvement is to be made. This question, under the statutes in force in this State, may be determined by such council, without notice to the property-owner who is to be affected by such improvement. Assessments to pay for the improvement are made upon the assumption that the property

affected is benefited in a sum equal to the cost. But whether or not such improvement benefits the property in a sum equal to its cost, is essentially a judicial question, upon which the property-owner is entitled to notice and a hearing. Sections 6 and 7, Acts 1889, pp. 242-3, provide for such notice to be given to the owners of property abutting upon a street to be improved, and afford them an opportunity to be heard on the question of benefits.

STATUTE.—*Construction of.—Legislative Intent.—How Ascertained.*—In the construction of a statute the court will seek to discover and carry out the intention of the Legislature in its enactment. In the search for that intention the court will look to each and every part of the statute; to the circumstances under which it was enacted ; to the old law upon the subject, if any ; to other statutes upon the same subject, or relative subjects, whether in force or repealed ; to contemporaneous legislative history, and to the evils and mischiefs to be remedied.

From the Whitley Circuit Court.

*H. C. Hanna, H. Colerick* and *W. S. Oppenheim,* for appellants.

*A. Zollars* and *J. K. Edgerton,* for appellees.

COFFEY, J.—On the 14th day of May, 1879, a petition praying that a certain street in the city of Fort Wayne be ordered paved, was presented to the common council of the city of Fort Wayne. After the matter had been referred to and reported upon by several committees, and after various objections and remonstrances on the part of those opposed to the improvement, the common council adopted the following resolution :

"*Be it Resolved,* By the common council of the city of Fort Wayne (two-thirds of all members thereof concurring), that Wayne street from Calhoun street to Harrison street be graded and paved with Trinidad asphalt pavement to a width of forty-two feet, and from Harrison street to College to a width of thirty-two feet, and that the stone curbing on both sides of said Wayne street between said points be reset to the width of the pavement.

"*And it is further Resolved* (This council hereby declaring such improvement necessary), that the cost of expenses

thereof, including pay of inspector, be assessed against, and collected according to the provisions of chapter 118, of the General Assembly of the State of Indiana, approved March 8th, 1889, and that said improvement shall be made under the supervision and to the satisfaction of the city civil engineer and the common council, and in accordance with the plans and specifications on file at the office of said engineer.

"*And be it further Resolved,* That the city civil engineer set the proper stakes and advertise for two days in each of three successive weeks in the Fort Wayne Daily Journal, that sealed proposals will be received by this council at a meeting to be held on the 9th day of July, 1889, for the execution of said work, and give notice to the property-owners accordingly."

After the above resolution had been adopted, the city clerk published a notice to the effect that a resolution had been passed for the paving of the street with asphalt, and that objections might be made to a committee of the common council on a day named.

Other remonstrances and objections were filed with the committee, and on the 27th day of August, 1889, a contract was entered into between the city and the asphalt paving company, whereby the latter agreed to construct the work according to the plans and specifications then on file. After the contract was let there seems to have been a race between the contractor and those opposed to the work, the former being anxious to begin work before an injunction suit should be commenced, while the effort of the latter was to begin suit before the contractor had begun work.

For all practicable purposes it may be considered as though the commencement of the work and the institution of the injunction suit were contemporaneous events. An injunction suit was instituted, but no temporary order restraining the execution of the work was asked for or obtained until the work was completed, and until the contractor sought or

was threatening to enforce payment of the assessments made against the abutting property.

At the time the appellees obtained a temporary restraining order, and upon the final hearing, they obtained an injunction, enjoining the appellants from collecting such assessments, from which decree this appeal is prosecuted.

The important and vital question in the case, and around which all the other questions cluster, hinges upon the construction to be given to section 2 of an act approved March 8th, 1889 (Acts of 1889, p. 239; Elliott's Supp., section 813).

Section 1 of the above statute confers upon the common council of cities and the boards of trustees of incorporated towns, the power to improve the streets and alleys of such cities and towns upon a petition of the owners of two-thirds of the whole line of lots to be benefited by such improvement.

Section 2 provides that " Whenever cities or incorporated towns subject to the provisions of this act shall deem it necessary to construct any sewer, or make any of the alley or street improvements in this act mentioned, the council or board of trustees shall declare by resolution the necessity therefor, and shall state the kind, size, location, and designate the terminal points thereof, and notice for ten days of the passage of such resolution shall be given for two weeks in some newspaper 'of general circulation published in such city or incorporated town, if any there be, and if there be not such paper, then in some such paper printed .and published in the county in which such city or incorporated town is located. Said notice shall state the time and place when and where the property-owners along the line of said proposed improvement can make objections to the necessity for the construction thereof."

Section 3 provides for the apportionment of the cost of such improvement.

Section 5 confers upon the board of trustees of any in-

corporated town, and the common council of a city, the power to order and make improvements by a two-thirds vote without any petition therefor.

Section 6 provides for the final estimate of the cost of such improvement, and section seven provides for notice and the hearing of objection to such estimates, made by or on behalf of the property-holders affected thereby.

Section 8 provides for issuing bonds to meet assessments, and declares the same to be a lien upon the property benefited.

Section 10 prescribes the mode by which the property-holder may avail himself of the time allowed by the law within which the assessments may be paid.

The contention of the appellees is, that under the provisions of section two, *supra,* in order to give validity to the action of the common council of the city of Fort Wayne, in ordering the improvement in question, it was necessary to first pass a resolution declaring the necessity for such improvement, and that no valid order for such improvement could be made until those interested had been brought in by the notice therein provided for, and had had an opportunity to be heard as to the necessity for the construction of such work.

On the other hand, it is contended by the appellants that the resolution before us performed the double purpose of declaring the necessity for the improvement in question and of ordering the same to be made, and that the statute does not require two separate resolutions.

Underlying all the rules for the construction of statutes is the cardinal and general one, that in construing a statute the court will seek to discover and carry out the intention of the Legislature in its enactment.

In the search for that intention the court will look to each and every part of the statute; to the circumstances under which it was enacted; to the old law upon the subject, if any; to other statutes upon the same subject, or

relative subjects, whether in force or repealed; to contemporaneous legislative history, and to the evils and mischiefs to be remedied. *City of Valparaiso* v. *Gardner*, 97 Ind. 1; *Lutz* v. *City of Crawfordsville*, 109 Ind. 466; *Connecticut Mut. Life Ins. Co.* v. *Talbot*, 113 Ind. 373; *Mayor, etc.*, v. *Weems*, 5 Ind. 547; *Maxwell* v. *Collins*, 8 Ind. 38; *Hedrick* v. *Kramer*, 43 Ind. 362; *State, ex rel.*, v. *Denny*, 67 Ind. 148; *Taylor* v. *Board, etc.*, 67 Ind. 383; *Prather* v. *Jeffersonville, etc., R. R. Co.*, 52 Ind. 16; *Krug* v. *Davis*, 87 Ind. 590; *Hunt* v. *Lake Shore, etc., R. W. Co.*, 112 Ind. 69; *Stout* v. *Board, etc.*, 107 Ind. 343; *City of Evansville* v. *Summers*, 108 Ind. 189; *State, ex rel.*, v. *Harrison*, 116 Ind. 300; *Middleton* v. *Greeson*, 106 Ind. 18.

It seems to be the settled rule that statutes granting to municipal corporations powers which involve the imposition of burdens upon private property are to be strictly construed, and where such statute requires the doing of some particular thing, in its nature jurisdictional, as a condition precedent to the right to impose such burden, the failure to do the thing required will render the whole proceeding void. *Niklaus* v. *Conkling*, 118 Ind. 289; *City of Madison* v. *Smith*, 83 Ind. 502; Welty Law of Assess., section 319; *Supervisors* v. *United States, ex rel.*, 4 Wall. 435; *Mason* v. *Fearson*, 9 How. (U. S.) 248; *Wheeler* v. *City of Chicago*, 57 Ill. 415; *Merritt* v. *Village of Portchester*, 71 N. Y. 309; *Merrick* v. *City of La Crosse*, 17 Wis. 442; Dillon Munic. Corp. (2d ed.), section 639; *Case* v. *Johnson*, 91 Ind. 477; *City of Logansport* v. *Dykeman*, 116 Ind. 15; *Hoyt* v. *City of East Saginaw*, 19 Mich. 39.

It seems to be settled, however, that in matters of local improvement where jurisdiction over the whole subject is conferred upon a municipal corporation, with power to make local assessments for that purpose, any failure to comply strictly with any statutory requirement, not affecting the jurisdiction, will be regarded as a mere irregularity, and in a collateral proceeding will be disregarded. *Jackson* v. *Smith*,

120 Ind. 520; *Montgomery* v. *Wasem,* 116 Ind. 343; *Ross* v. *Stackhouse,* 114 Ind. 200; *City of Elkhart* v. *Wickwire,* 121 Ind. 331; *Smith, etc., Co.* v. *Engle,* 44 Iowa, 265.

The resolution before us does declare the necessity for the improvement now in dispute in unequivocal terms.

About this there seems to be no serious dispute, but the contention is that by reason of the fact that such declaration is coupled with an order to make the improvement, it is not the declaration contemplated by the statute. The claim is that the statute contemplates a resolution declaring the necessity for the improvement, notice of the passage of such resolution, and a hearing of those interested before an order for the improvement can be entered; and that by entering such order at the time the resolution declaring the necessity for the improvement is passed, those interested therein are cut off from being heard. The argument proceeds upon the theory that the entry of the order for the improvement is in the nature of a judgment, and is final and binding upon the common council.

The assumption that an order entered by the common council of a city to make a particular improvement is in the nature of a judgment, and is binding on such council, can not be maintained.

It is a mere preliminary step, looking to a public improvement, to be made or not, as the common council in its discretion may determine, from which it may recede at any time before the contract for the improvement is concluded. *State, ex rel.,* v. *Board, etc., ante,* p. 247, and authorities cited.

But assuming that the passage of a resolution declaring the necessity for the improvement contemplated is a condition precedent to the right to make the improvement, and that it is in its nature jurisdictional; and assuming, also, that the resolution before us is improperly coupled with an order to make the improvement now under consideration, still we do not think the proceedings of the common council of the city of Fort Wayne are void. It is true that local assess-

ments can not be imposed without notice to the owners of property, and an opportunity on their part to be heard at some time before the assessments shall be made final. *Garvin* v. *Daussman,* 114 Ind. 429 ; *Kuntz* v. *Sumption,* 117 Ind. 1.

But it is held that where the whole subject of the matter of local improvement, and the assessments to be made in aid thereof, is conferred upon municipal corporations having charge of, and exclusive original jurisdiction over, such improvement, as in this State, the proceedings of such corporations will not be held void where there has been an attempt to comply with a statutory requirement, though such attempt does not amount to a strict compliance with the statute, if the corporation, in addition to its jurisdiction over the subject-matter, acquires jurisdiction over the persons to be affected. *Jackson* v. *Smith, supra ; ˉ Johnson* v. *State,* 116 Ind. 374 ; *Hobbs* v. *Board, etc.,* 116 Ind. 376 ; *Otis* v. *De Boer,* 116 Ind. 531 ; *Montgomery* v. *Wasem, supra ; Prezinger* v. *Harness,* 114 Ind. 491 ; *Robinson* v. *Rippey,* 111 Ind. 112 ; *Strieb* v. *Cox,* 111 Ind. 299 ; *Pickering* v. *State,* 106 Ind. 228 ; *Argo* v. *Barthand,* 80 Ind. 63 ; *Ricketts* v. *Spraker,* 77 Ind. 371 ; *Ross* v. *Stackhouse,* 114 Ind. 200 ; *City of Elkhart* v. *Wickwire, supra.*

Accordingly it has been repeatedly held by this court that where the statute required the filing of a petition as a condition precedent to the exercise of jurisdiction, or the giving of some particular notice, if a petition was filed, though defective, or some notice was given, though not a compliance with the statutory requirement, the proceeding is not void, and will be sufficient to withstand a collateral attack. See the authorities above cited.

In this case there was an attempt to comply with the statute. A petition was filed, the resolution declaring the necessity for the improvement was adopted and the statutory notice was given.

In the case of *Quill* v. *City of Indianapolis,* 124 Ind. 292, in speaking of the provisions of section 2 of the stat-

ute, now under consideration, it was said by the court : " The statute does not require or contemplate the appointment of a committee to hear the objections, or that there should be any determination of the rights of the objectors. It simply contemplates that no action shall be taken by the common council, after resolving to make the improvement, until notice is given, and an opportunity afforded the property-owners to present for the consideration of the council. such objections as they may make to the necessity for the construction of the work. It is designed to prevent the city authorities from entering inconsiderately upon the construction of expensive improvements, without affording the property-owners, who are in the end to pay for them, the opportunity to present their objections at the outset, which are intended to be rather as advisory to the common council than otherwise. * * * The right to a hearing is secured to each property-owner by another provision of the act." The provisions referred to are found in sections 6 and 7 of the act now under consideration. Section 6 provides that when the improvement has been completed according to the terms of the contract, the common council of the city shall cause a final estimate of the cost thereof to be made by the city engineer and a report thereof to be filed. Section 7 requires such common council to give notice of the filing of such report, stating the time and place when and where a hearing can be had upon such report, before a committee to be appointed to consider the report. Any person feeling aggrieved has the right to appear before such committee and before the common council and to make objections thereto and is entitled to be heard thereon.

Under the provisions of these two sections the owners of the property affected are awarded a hearing before any final assessment is made.

As to whether a particular improvement is, or is not, necessary must, of necessity, be left to the discretion of the common council of the city where the improvement is

to be made. This question, we think, under the statutes in force in this State, may be determined by such council without notice to the property-owner who is to be affected by such improvement. Assessments to pay for the improvement are made upon the assumption that the property affected is benefited in a sum equal to the cost. But whether such improvement does, or does not, benefit the property in a sum equal to its cost, is essentially a judicial question, upon which the property-owner is entitled to notice, and a hearing. Elliott Roads and Streets, p. 397.

It was said by this court, in the case of *Garvin* v. *Daussman*, 114 Ind. 429 : " It is essential to the public good that the necessity for street and other improvements, and the cost of making them, and such other proceedings as are necessary to insure the prompt execution of the work, be determined and taken in a comparatively summary way. * * " If, therefore, the law provides for giving notice and for a method whereby the property-owner may ultimately challenge the correctness of the assessment made against his property, in respect to whether it was made in good faith, without intervening mistake or error, and according to the method and under the safeguards provided by law—the constitutional provision is to be deemed satisfied."

We have no reason to doubt the soundness of the doctrine enunciated in this case, and under this rule sections 6 and 7 of this act afford the owners of property abutting upon a street to be improved, a remedy which the Legislature, in its wisdom, deemed sufficient for their protection.

After a careful consideration of the questions presented, and exhaustively discussed by the able counsel in this case, we have reached the conclusion that the proceedings of the common council of the city of Fort Wayne, in the matter of ordering and making the improvement now in question, are in substantial compliance with the require-

ments of the act of the General Assembly, approved March 8th, 1889, and that they are not void.

Each paragraph of the complaint in this case proceeds upon the theory that the proceedings of the common council of the city of Fort Wayne are void, and for this reason neither paragraph was sufficient to withstand a demurrer. In our opinion the circuit court erred in overruling the several demurrers to the complaint.

Judgment reversed, with directions to the circuit court to sustain the demurrers to each paragraph of the complaint, and for further proceedings not inconsistent with this opinion.

Filed Oct. 14, 1890; petition for a rehearing overruled Dec. 18, 1890.