Davis, C. J.
This action was instituted by appellee against appellants to enforce street assessments for the improvement of a street in the town of Bloomfield.
The improvement was made under the provisions of the act of 1889, known as the Barrett law, and amendments thereto.
In this connection it is proper to observe that an appellate court may search the record for reasons to sustain the judgment of the trial court, but is not required to, *376 and ordinarily will not, reverse such judgment on a question not presented by the complaining party.
Only such errors, therefore, as have been discussed will be considered in deciding this case.
The proceedings were instituted in March, 1892. The errors assigned in this court in behalf of the several appellants, are:
1. That the court erred in overruling the demurrer to the complaint.
2. That the court erred in sustaining demurrers to certain special answers.
3. That the court erred in its conclusions of law on the special finding of facts.
The first error discussed brings in question the sufficiency of the complaint.
The first objection is that the complaint does not show that appellee has not been paid for the work performed, by him, under his contract in making the improvement, by the town. The averment, in connection with the other facts pleaded, that the assessments were due and unpaid, was sufficient on this point without any allegation that the town had not paid appellee. It was not incumbent on the town to collect the assessments. In making the improvement and entering into the contract with appellee therefor, the town was acting for and in behalf of the property owners affected thereby. Sims v. Hines, 121 Ind. 534.
And when the appellee complied with the terms of the contract, and completed the improvement, he had the right to enforce the assessment against appellants.
The next objection urged is that the complaint is defective for failure to specifically state the nature and extent, of the improvement.
The statute provides that the ' 'board of trustees shall declare by resolution the necessity therefor, ¡and shall *377 state the kind, size, location, and designate the terminal points” of such improvement. Section 4289, R. S. 1894.
The ordinance, a copy of which is filed with the complaint, is not the foundation of the action, and can not he considered to supply any defect or omission in the complaint; butitis alleged in the complaint that “the board of trustees of said town, in regular and lawful session, duly passed, adopted and promulgated, and caused to be recorded and published, an ordinance and resolution providing for the grading and graveling of the public street and sidewalks, and the construction of a sewer or gutter for the purpose of drainage of, on and along all that part of Washington street aforesaid, commencing where it crosses Main street and running north to where said street intersects Franklin street in said town, said resolution and ordinance providing for and designating the nature and extent of said improvement and the grade to he followed and the kind of material to be used, and declaring said improvement to be necessary,” etc.
The complaint is not, perhaps, in this respect so full and clear as the rules of good pleading require, but it shows compliance with all of the material statutory requirements, and it is, in our opinion, sufficient to withstand the demurrer. If greater particularity was desired, a motion to make more specific would have been the appropriate remedy. The demurrers admit that the terminal points were designated; that the location was fixed and that the character and extent of the improvement were prescribed in the ordinance. This is all the statute requires in this respect. It was not necessary to set out the details of the ordinance for the improvement in the complaint: If A enters into a contract in writing with B to build a house for him according to certain plans and specifications for a stipulated amount, A on the completion of the work, may maintain an action on *378 the contract without alleging in detail the size or kind of house built by him. In this case the assessments are the foundation of the action, and while it was essential that the resolution or ordinance for the improvement should contain the substantial provisions prescribed by statute, the complaint in this action is not bad for failure to aver the “width of road or depth of grade.”
The last objection is that “the complaint does not set out a copy of the contract, nor show the terms of the contract, nor what work was to be done under the contract, nor the price to be paid for the work.”
It was not necessary to set out in the complaint' a copy of the contract, nor allege the specific terms of the contract. The appellee was not required to allege in minute detail what work had been done under the contract nor to state the price that was to be paid for the entire work. The appellee was not bound to incorporate in his complaint, by reference or otherwise, either the resolution, ordinance or contract, and when he pleaded the acts done by the municipal officers, together with the facts showing the authority to perform such acts, and alleged that in pursuance thereof after the publication of notice for ten days of the passage of said resolution for two weeks in a newspaper of general circulation, as provided in section 4289, supra, and after subsequently thereto advertising for three weeks in a newspaper of general circulation to receive proposals for said work, as provided in section 4288, R. S. 1894, the appellee was the lowest bidder therefor and “was awarded the contract and gave a good and sufficient bond for the construction of said improvement,” and that he “thereupon made, constructed and completed said improvement in all things in accordance with the terms of said contract and the plans and specifications therein agreed upon,” and also specially averred the facts, showing a full compliance with the *379 provisions of sections 4293 and 4299, R. S. 1894, and set out the final estimate and assessment, which, as appears, were levied and issued pursuant to section 4297, R. S. 1894, the complaint was, so far as any objection thereto, made sufficient. Van Sickle v. Belknap, 129 Ind. 558.
The special answers of the several appellants, to which •demurrers were sustained, are substantially the same. The facts so pleaded in bar are that the street in front of their respective properties was a public highway not exceeding forty feet in width; that a distance of fifteen feet back from the line of the street a fence was erected; that said fifteen feet was a private walk which had become so badly washed that persons could not walk over the same; that said contract for the improvement of the street covered said strip aforesaid, which was not a part of the highway; that after the contract was entered into, the slope of the grade was changed; that at the time of the commencement of the work, and at divers times during the progress pf'said work, said appellants notified the town and the appellee, and “objected to and remonstrated against the said grading and improvement of said alleged street and along and upon their said real estate.”
The answers do not in any manner controvert the regularity of the proceedings or the making and completion of the improvement, in all respects, in compliance with the resolution and contract in relation thereto, except such irregularity as grows out of the fact that the strip referred to was included in the improvement as ■a part of the street, and that the grade was changed after the work was commenced.
It is not claimed that the change of the grade depreciated either the cost or value of the improvement, or that any of the appellants were injuriously affected thereby. Neither is it shown, by any direct averment, that the controverted strip so included in the street as *380 part of the improvement was taken and appropriated for that purpose without the consent of appellants.
It is alleged, it is true, that appellants “objected to and remonstrated against the said grading and improvement of said alleged street,” but it is not averred that any of them, so far as our attention has been called thereto, objected and remonstrated to the fact that said strip was included in such improvement as a part of the street. The mere fact that a property-owner objects to the improvement of a street is no reason why he should not pay his assessment. If any objection was made in this case because the controverted strip was taken or because a change in the grade was made, such fact should have been clearly and specifically pleaded.
The only question presented on this branch of the case is, whether a change in the grade, which we must assume was to the advantage of both the street and adjacent property-owners, in connection with the fact that improvements so made were wider than the street, by reason of which an adjacent strip was appropriated and treated as a part of the street, constitute of and within themselves an absolute bar to a recovery of the assessment for the improvement of the street? If the improvement had been confined to the original street, appellants would certainly be liable.
Can they escape that liability entirely because the improvement was made of greater width? No authority has been cited which supports the contention of counsel on this point, and we do not believe such contention can be sustained on principle. If including a strip of fifteen feet in the improvement should, of itself, under the circumstances stated, be held sufficient to bar a recovery of any part of the assessment, we see no reason why a like result would not follow if one foot only was taken.
When jurisdiction was obtained in the manner pre *381 scribed by statute, the town had the right and the power to improve said street. Jurisdiction of the persons of appellants and also of the subject-matter of the proceedings having been obtained, the mere fact that the contractor, on his own motion or pursuant to the direction of the town, in the making of said improvement widened the street beyond its original limits, does not, in' our opinion, invalidate the entire proceedings, and does not constitute a complete bar to an action to recover the benefits assessed against the adjacent owners for the improvement of the street. Whether such facts, if properly pleaded, would constitute partial defense, or whether in proper proceedings appellants can obtain redress for the taking of such strip without their consent, we need not determine. Our conclusion is that there was no error in sustaining the demurrer to the answers.
We next proceed to the consideration of the questions presented by the last error assigned.
After finding that the ordinance for the graveling, grading, guttering and paving the street in question was unanimously adopted by the board of trustees of said town on the 7th of March, 1892, the court further finds that the same was duly published in the Bloomfield News and the Bloomfield Democrat, two weekly newspapers of general circulation printed and published within the corporate limits of said town; that after the completion of said publication of said ordinance the said board of trustees advertised for bids for the construction of said improvement, by the publication of notice in said Bloomfield News for three successive weeks in the issue of said paper on the 1st, 8th and 15th days of April, 1892; that after the completion of said improvement, the making of the final estimate and report and the reference of such report to the proper committee, due notice was given by publication for two weeks successively in said *382 Bloomfield News of the time and place, when and where a hearing could be had upon said report before said committee. A copy of said ordinance and of each of said notices are set out in full in the special finding.
The notice in relation to the ordinance or resolution for making the improvement is prescribed in section 813 Elliott’s Supplement. The notice concerning the contract is prescribed in section 812, supra. The notice as to the hearing on the report is prescribed in section two of the act of March 8, 1891; Acts 1891, page 323. The finding, clearly discloses that the notices last mentioned were given in all respects in the manner prescribed by the statute. The facts as to the publication of the other notice are not fully stated. It is found that such notice was published in two weekly papers in said town prior to the first of April, but the exact date of the insertions or the length of the publication is not specifically stated.
Notwithstanding this omission, however, the facts specially found on the question of notice show that the statute in this respect has been complied with, and are sufficient, so far at least as this point is involved, to uphold the conclusion of the trial court. Sands v. Hatfield, 7 Ind. App. 357; Kiphart v. Pittsburgh, etc., R. W. Co., 7 Ind. App. 122; DePuy v. City of Wabash, 133 Ind. 336; McEneney v. Town of Sullivan, 125 Ind. 407; Quill v. City of Indianapolis, 124 Ind. 292; Barber, etc., Co. v. Edgerton, 125 Ind. 455; City of Logansport v. Shirk, 129 Ind. 352. See, also, Johnson v. State, for Use, 116 Ind. 374; Otis v. DeBoer, 116 Ind. 531; Pickering v. State, for Use, 106 Ind. 228.
It will suffice to say without analyzing these authorities or further discussing the question, that the reasoning of Judge Elliott in Barber, etc., v. Edgerton, supra, and of Judge Mitchell in Garvin v. Daussman, 114 *383 Ind. 429, are conclusive as to the sufficiency of the notices as found in the special finding.
The specifications in the ordinance that the street should be graveled and guttered according to the stakes set by the town civil engineer, to a width of twelve feet, and to a depth of twelve inches, with ihe best quality of raked river gravel, and the sidewalks graded to a width of twelve feet, and eight feet of the inner portion thereof graveled to a depth of four inches with the best quality of sidewalk gravel, and the gutters on each side of the street to be hammer dressed stone, gutter to be four feet wide and seven inches deep, all work to be done to the entire satisfaction of the town civil engineer, are not defective on the ground that the nature and extent of the improvement are not shown. Ross v. Stackhouse, 114 Ind. 200.
The finding on the question that the contract for making said improvement was entered into, and that the work was completed in accordance therewith to the satisfaction of the engineer is sufficient, especially in view of the further finding that on the completion of said improvement a final estimate thereof was made by the engineer, and reported to said board, and finally adopted without any remonstrance, objection or protest on the part of appellants. We have not undertaken to set out the facts as found in this opinion, but in our opinion the finding was full and ample on every point in issue in the case.
The thirty-ninth specification in the finding is as follows:
“That some time prior to the adoption and passage of said ordinance the said civil engineer surveyed and marked out said part of said street passing along and in front of said property of defendants a width of sixty feet to correspond with the other parts of said street, and designat *384 ing the boundaries of said street by placing stakes along the proposed sides of said street, which line of stakes so set by said engineer were sixty feet apart from side to side of said street, and including within said street so improved a strip on each side of said street not included as parts of said street prior thereto.”
Filed Apr. 18, 1894;
petition for a rehearing overruled Dec. 11, 1894.
In addition to what we have heretofore said on this branch of the case, we only desire to call attention to the fact that in this case the town had jurisdiction of the subject-matter of the proceedings—;that is to say, the town had jurisdiction to improve the street; and further, the town, through the notices given, also acquired jurisdiction over the persons of appellants. In other words, the street which it was sought to improve did exist.
The ordinance in a manner prescribed by statute, authorized and directed the improvement of such street, as we have hereinbefore shown. The street has been improved, hut it does not appear to what extent the street has been widened, or whether this act was with or without the consent of appellants. The simple question presented by the answers, and also by the finding, is whether such act ousts the jurisdiction and invalidates the assessment.
The jurisdiction having been acquired, and the proceedings ordering the improvement having been regular, we are of the opinion that the fact that subsequently thereto the contract was entered into requiring the street to be improved beyond the limits of the street, as previously established, does not invalidate the entire assessment. See Town of Marion v. Skillman, 127 Ind. 130; Ross v. Stackhouse, supra, and authorities hereinbefore cited.
We do not find any reversible error in the record.
Judgment affirmed.