RICKCORDS et al. v. CITY OF HAMMOND et al.

(Circuit Court, D. Indiana. May 6, 1895.)

No. 9,202.

1. INJUNCTION—ASSESSMENT FOR SEWER—REMEDY BY APPEAL.
    Burns' Rev. St. Ind. 1894, § 4298, authorizing a landowner to appeal from an assessment for a public improvement to the circuit court, but providing that no questions of fact shall be tried on such appeal which may arise prior to the making of a contract for such improvement under the order of the council, furnishes an adequate remedy at law, by appeal, for errors and irregularities occurring subsequent to the adoption of the ordinance and the making of the contract under which the improvement was constructed, and therefore injunction will not lie to restrain the collection of the assessment on the ground of such irregularities.

**2. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—INJUNCTION.**

Acts Ind. 1889, p. 239, § 2, provide that whenever cities deem it necessary to construct any sewer, etc., the council shall declare, by resolution, the necessity therefor, and shall state the kind, size, location, and designate the terminal points thereof, and give notice of the passage of such resolutions by publication in a newspaper. A city council passed a resolution declaring the necessity for the construction of a sewer, and gave notice thereof, but the resolution and notice failed to state the size of the proposed sewer. *Held,* that such failure did not deprive the council of jurisdiction to order the improvement, and that, therefore, the collection of an assessment therefor could not be enjoined.

In Equity. Bill by George E. Rickcords and Sarah C. Purdy against the city of Hammond and others for an injunction. Heard on motion for a preliminary restraining order.

Olds & Griffin, for complainants.
Peter Crumpacker, for defendants.

BAKER, District Judge. This is a suit to enjoin the collection of an assessment, amounting to $3,527.93, made upon the real estate of the complainants, as their proportionate share of the cost of a sewer constructed in and along Calumet avenue, in the city of Hammond, under and pursuant to certain statutes of the state. Construing these statutes the supreme court of the state has repeatedly held that a suit would not lie to restrain the collection of an assessment after the completion of a public improvement, unless it was made to appear that the common council had proceeded without taking the statutory steps necessary to acquire jurisdiction of the parties. Jurisdiction of the subject-matter is conferred by the statute. Paving Co. v. Edgerton, 125 Ind. 455, 25 N. E. 436, and cases there cited. In this case the sewer has been constructed, the assessment made, and a precept issued for its collection. Hence the only question open to inquiry is whether the common council acquired jurisdiction to make the improvement. This leads to the inquiry as to what acts are to be deemed jurisdictional, in such sense that their omission will render an assessment made after the completion of the work illegal and void. It has been said by this court in the case of Railway Co. v. Huehn, 59 Fed. 335, that it is thoroughly well settled in every tribunal administering justice according to the rules of the common law that the proceedings of a municipal corporation clothed with power to act, if it has proceeded within the scope of its statutory powers, cannot be collaterally assailed for mere errors or irregularities. And it is equally well settled that a court of equity will not, in a suit for an injunction, examine any errors or irregularities in a proceeding to construct a sewer or other public improvement, where the statute provides that such errors or irregularities may be reviewed on appeal. The statute (2 Burns' Rev. St. Ind. 1894, § 4298) provides for an appeal when, as in this case, a precept has been issued to collect the assessment. It is enacted:

"Any owner of land or his representatives aggrieved by such precept may appeal therefrom, within twenty days after such demand or publication, to the circuit court of the county wherein such city is situated upon filing suf-

ficient bond with the clerk of said city, conditioned for the payment of whatever judgment may be rendered against such appellant in said court, and such appeal shall stay all proceedings by such treasurer. And the trial of such appeal shall be conducted as other· trials of civil causes are conducted in said courts; provided, that no questions of fact shall be tried which may arise prior to the making of the contract for the said· improvement under the order of the council. The clerk shall, upon the filing of said bond, · forthwith make out and certify, under his hand and official seal, a true and complete copy of all papers connected in any way with the said street improvement, beginning with the order of the council directing the work to be done and contracted for, and including all notices, precepts, orders of council, bonds and other papers filed in said matter, which transcript shall be in the nature of a complaint, and to which the appellant shall answer upon rule; and in case the court and jury shall find, upon trial, the proceedings of said officers subsequent to said order directing the work to be done, are regular, that a contract has been made, that the work has been done, in whole or in part, according to the contract, and that the estimate has been properly made thereon, then said court shall direct the said property to be sold and conveyed by the sheriff thereof as the said treasurer is hereinafter directed to sell and convey property liable to street improvements."

The statute declares that on such appeal no question of fact shall be tried which arises prior to the making of the contract for the improvement under the order of the council. The statute further declares that in case the court and jury shall find, upon trial, the proceedings subsequent to the order (i. e. ordinance) directing the work to be done are regular, that a contract has been made, that the work has been done according to the contract, and that the estimate has been properly made thereon, then the court shall direct said property to be sold. The complainants, therefore, have a plain and adequate remedy at law, by appeal, for the redress of every error and irregularity complained of in their bill, which occurred subsequent to the adoption of the ordinance and the making of the contract under and pursuant to which the sewer was constructed. These alleged errors and irregularities must be disregarded in determining the sufficiency of the bill to authorize the granting of an injunction, upon the most familiar and firmly-settled principles of equity jurisprudence. This court cannot examine errors and irregularities which are, by the positive terms of the statute, made triable elsewhere by a court and jury, according to the rules of the common law. The only questions which may not be reviewed on appeal are those arising prior to the making of the contract. These questions relate to the resolution declaring the necessity of the improvement, the publication of the same, fixing a time and place when and where persons to be affected by the same may appear and be heard, and the passage and promulgation of the ordinance directing the work. The statute (Acts Ind. 1889, p. 239, § 2) provides that:

"Whenever cities or incorporated towns subject to the provisions of this act shall deem it necessary to construct any sewer, or make any of the alley or street improvements in this act mentioned, the council or board of trustees shall declare by resolution the necessity therefor, and shall state the kind, size, location and designate the terminal points thereof, and notice for ten days of the passage of such resolution shall be given for two weeks in some newspaper of general circulation published in such city or incorporated town, if any there be, and if there be not such paper, then in some such paper printed and published in the county in which such city or incorporated town

is located. Said notices shall state the time and place, when and where the property owners along the line of said proposed improvement can make objections to the necessity for the construction thereof."

On July 23, 1894, a resolution, duly adopted, declared:

"That it is deemed necessary to improve Calumet avenue, a street in said city, by building a two-ring brick sewer from Carrol street (formerly Cynthia avenue) in said city, south to the city limits of said city, being an extension of the sewer now constructed on said street southward to the city limits, in accordance with the profiles and specifications on file in the office of the city civil engineer of said city."

The common council directed the clerk to cause ten days' notice of the passage of the resolution to be given by publication for two weeks in the Hammond Weekly Tribune. The notice was published as directed on the 27th day of July, and on the 3d and 10th days of August, 1894, setting out the resolution adopted on July 23, 1894, and stating that objections to the improvement would be heard by the common council in their council chambers on August 20, 1894, at 7 o'clock p. m. The declaratory resolution and notice appear on their face to be in exact compliance with the law, except in failing to state the size of the sewer. The city claims that this apparent defect is cured by reference to the profiles and specifications of the sewer on file in the office of the city civil engineer; but complainants allege in their bill that no profiles or specifications were on file, and, for the purposes of the present motion, I must assume this to be the fact. The resolution and notice state the kind of sewer, the location, and designate the terminal points, but fail to state its size. Does this failure render the resolution and notice nugatory? Plainly, it does not. It has been repeatedly held by the supreme court of this state that where the statute required the filing of a petition as a condition precedent to the exercise of jurisdiction, or the giving of some particular notice, if a petition was filed, though defective, or some notice was given, though not a compliance with the statutory requirement, the proceeding was not void, and would be sufficient to withstand a collateral attack. Ricketts v. Spraker, 77 Ind. 371; Argo v. Barthand, 80 Ind. 63; Pickering v. State, 106 Ind. 228, 6 N. E. 611; Strieb v. Cox, 111 Ind. 299, 12 N. E. 481; Prezinger v. Harness, 114 Ind. 491, 16 N. E. 495; Montgomery v. Wasem, 116 Ind. 343, 15 N. E. 795, and 19 N. E. 184; Johnson v. State, 116 Ind. 374, 19 N. E. 298; Paving Co. v. Edgerton, 125 Ind. 455, 463, 25 N. E. 436. The defect in the resolution and notice is of a character which brings them far within the principle of these cases, and it must be held unavailing to impair the jurisdiction of the common council. No other defect has been pointed out which is open to review in this proceeding. The motion for a preliminary restraining order must be denied, and, unless amended within 20 days, the bill shall stand dismissed for want of equity.