STATE, EX REL. THOMPSON, *v.* ELLIOTT, AUDITOR, ET AL.

[No. 23,191. Filed December 10, 1918.]

COUNTIES.—*Proceedings to Establish Hospitals.—Authority of Commissioners to Review Order.—"May."*— Section 3776a Burns 1914, Acts 1913 p. 742, providing that the board of county commissioners "may" enter an order establishing a county hospital and authorize the purchase or the building thereof, contemplates an exercise of discretion on the part of the board in a matter which upon the entering of the order is purely *ex parte*, and until the intervention of contractual or other definite rights the board has power to rescind such order.

From Henry Circuit Court; *Will M. Sparks,* Special Judge.

Mandamus by the State of Indiana, on the relation of John F. Thompson, against Howard C. Elliott, auditor, and others. From a judgment for the defendant, the plaintiff appeals. *Affirmed.*

*Forkner & Forkner* and *Barnard & Jeffrey,* for appellant.

*Newby & Newby* and *J. R. Hinshaw,* for appellees.

SPENCER, J.—It appears from the complaint in this action that on December 7, 1914, a proper petition was filed with the board of commissioners of Henry county,

under the provisions of §3776a Burns 1914, Acts 1913 p. 742, asking for the establishment of a county hospital in said county and for the levying of a tax for the construction, equipment and maintenance thereof. The board of commissioners subsequently granted the petition and, on December 28, 1914, entered an order for the construction of a hospital at a cost not to exceed $40,000, and provided for the levy and collection of the tax necessary to meet the expense of erection, equipment and maintenance. On December 31, 1914, a supplemental order was entered, appointing a board of trustees for the proposed hospital, but no further steps in the matter were taken until September, 1915, when the board of commissioners, at its regular term of that month, entered an order rescinding its action of December 28, 1914. Appellant thereupon brought this proceeding in mandamus to compel the auditor of Henry county to place the original levy for the proposed hospital on the tax duplicate and to have the commissioners' order of September, 1915, declared null and void. A demurrer to the complaint was sustained and, on appellant's refusal to plead further, the judgment from which this appeal is prosecuted was entered.

It is the contention of appellant, in substance, that the order of the board of commissioners entered on December 28, 1914, was in the nature of a final judgment, and that, with the passing of the term at which such judgment was entered, the board was without power to rescind its action. Appellees assert that, in receiving the petition for the establishment of a hospital and in granting the prayer of that petition, the board of commissioners was acting solely in an administrative capacity and that, until its order had been made the basis of contractual or other vested rights, the board had the authority, in the exercise of its discretion, to rescind its original action.

The latter contention finds support, on principle, in the case of *State, ex rel.* v. *Board, etc.* (1890), 125 Ind. 247, 25 N. E. 286, where it was held that the entering of an order for the construction of a bridge across a stream was not in the nature of a judicial proceeding, in which, when the board had once entered an order, it had no power to set it aside. The court said, at page 252 of the opinion: "There are no adversary parties, and no notice is required. Until such bridge is constructed no one can be said to have any pecuniary interest in such order. It is a mere preliminary step, having in view a public improvement, which the board of commissioners may or may not in its discretion make. To hold that the board may not, after taking such preliminary step, recede from it, would be most disastrous to the public interest."

In the present case, the statute provides that, on proper petition, the board of commissioners "*may* enter an order establishing such hospital and authorize the purchase or building of such hospital," etc. (Our italics.) No provision is made for notice or hearing, as in proceedings which are judicial in character, and there is nothing in the act as a whole to indicate a legislative intent that 200 resident freeholders may at any time *compel* the establishment of a county hospital. We must conclude, therefore, that the word "may," as above quoted, is to be given its usual and ordinary meaning. *Morrison* v. *State, ex rel.* (1913), 181 Ind. 544, 549, 105 N. E. 113. So construed, it contemplates an exercise of discretion on the part of the board in a matter which, at the time, is purely *ex parte* and, until such further steps have been taken as result in the intervention of contractual or other definite rights, the action of the board is open to review on its part. See, also, *Barber Asphalt Pav. Co.* v. *Edgerton* (1890), 125 Ind. 455, 462, 25 N. E. 436.

Under the facts stated in appellant's complaint, the rescission by the board of commissioners of its order of December 28, 1914, was within the proper exercise of its discretion and appellees' demurrer was, therefore, correctly sustained.

Judgment affirmed.

NOTE.—Reported in 121 N. E. 82.