MICHIGAN CENT. R. CO. v. HUEHN et al.

(Circuit Court, D. Indiana. January 22, 1894.)

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS — NECESSITY FOR—PRELIMINARY RESOLUTION—INJUNCTION.

The Indiana statute providing that whenever it shall be deemed necessary to construct any public improvement the council shall declare by resolution the necessity therefor, and state the kind, size, location, and terminal points, and publish notice thereof for a specified time, must be complied with before the council can order the improvement made. The mere passage of an ordinance ordering the improvement, without the publication of such preliminary resolution, is not the equivalent thereof, and the making of the improvement will be enjoined.

In Equity. Bill by the Michigan Central Railroad Company against Henry Huehn, Thomas W. Kinser, and William J. Kinser. Heard on motion for preliminary injunction. Granted.

Winston & Meagher and J. B. Collins, for complainant.
R. Gregory and Lamb & Beasley, for defendants.

BAKER, District Judge, (orally.) It is thoroughly well settled in every tribunal administering justice according to the rules of the common law that the proceedings of a municipal corporation clothed with power to act, if it has proceeded within the scope of

its statutory powers, cannot be collaterally assailed for mere errors or irregularities; so that in this case the precise question raised by the application for a temporary restraining order is whether or not the ordinance adopted by the common council of Hammond, and the proceedings had thereunder, are coram non judice and void, by reason of the failure of the common council to take those preliminary steps essential to give it jurisdiction to act. The statute provides that:

"Whenever cities or incorporated towns subject to the provisions of this act shall deem it necessary to construct any sewer or make any alley or street improvements in this act mentioned, the council or board of trustees shall declare by resolution the necessity therefor, and shall state the kind, size, location, and designate the terminal points thereof, and notice for ten days of the passage of such resolution shall be given for two weeks in some newspaper of general circulation published in such city or incorporated town, if any there be, and if there be not such a paper, then in some such paper printed and published in the county in which such city or incorporated town is located."

It is, in effect, insisted by counsel for the respondents that the provisions of section 7 requiring notice to be given after the work has been done, and an estimate and an assessment upon the various property owners' have been made, authorizing the parties so assessed to appear before a committee of the common council, and show either that the work has not been done in compliance with the contract, or that the assessments have not been fairly and equitably distributed, is a sufficient notice, under the constitution and laws of this state, to give validity to the proceedings in question; so that, if the property owner has that notice, it is immaterial that he has not had the notice provided for in section 2, and that the declaratory resolution provided for therein has never been adopted. I entertain no doubt of the meaning and purpose of section 2. That section, I think, was incorporated into the statute, in view of the well-known historic fact that these municipal bodies are prone to engage in systems of public improvement without any great regard to the best interests of the city, or of the well-being of the people, and that the legislature meant to impose a barrier on such officers by making them state on the record upon the sanction of their oaths that a necessity existed for such improvements before they could be lawfully undertaken. And then the lawmaking power meant that they should publish for ten days, two weeks before the time fixed for hearing, the substance, at least, of the resolution declaring the necessity for such public improvement, fixing the time and place when and where the property owner would be given an opportunity to appear and remonstrate, and show that the alleged necessity did not exist. I think that provision of the statute is a material and important one. It is important for the protection of the interests of the property owners to be affected by the proposed improvement. The law manifestly contemplated that the people who were to bear the burden should have an opportunity, before the improvement had been entered upon, to bring to the attention of the common council every consideration which they could suggest for the purpose of satisfying the

common council that their declaratory resolution was not well founded, and that the improvement was not necessary. If I entertained any doubt—and I do not—about the wisdom of this section of the statute, I could not entertain any doubt of the duty of the court to enforce it fairly, and in accordance with its terms. I think that it is necessary, before any ordinance is enacted involving the city in any scheme of public improvement of the character of that in question, that a declaratory resolution should have been adopted, and that the notice, substantially as required by that section, should have been given, in order that the citizens or public to be affected may have an opportunity to be heard as to the necessity of the proposed public work.

This statute says that these things which have been omitted shall be done. The statute, in its language, is mandatory; and according to the familiar rule of legal construction, as the statute is enacted for the protection of private rights against inconsiderate municipal action, it must receive the construction that will give it a mandatory force. Now, then, the question is whether or not the evidence in this case shows a substantial compliance with this statutory provision. It is conceded that no declaratory resolution was ever adopted. It is not claimed that there is anything in the ordinance that in terms declares that there is a necessity for this improvement. But it is said that the court, by argument or intendment, will incorporate that into the ordinance, because, unless the common council had believed that there was a necessity for the improvement, they would not have ordered the improvement made. I think the argument is a non sequitur. The distinction between a necessary improvement and one that is a mere matter of taste or mere matter of convenience, or one that is merely the result of the expression of public vanity or caprice, is a distinction that ought to be sharply drawn. I agree that it is for the council to declare the necessity, and if they have done so, and adhered to that declaration, the courts cannot revise such declaration. The legislature of the state, however, has laid its command on the common council, and has said, "you shall not enter upon any public improvement of this sort until, under the obligation of your oath, you have declared, of record, that the improvement proposed is necessary, and have given public notice, fixing a time and place when and where the owners of property may have an opportunity to be heard." This statute is salutary, and in these times courts ought to do nothing to weaken the barriers erected for the protection of private rights against municipal extravagance. I do not think that the ordinance is either a substantial, or even an attempted, compliance with this statutory requirement. I think the ordinance is simply an expression of the will of the common council. I think the common council has utterly disregarded the section in question, and has adopted this ordinance either in ignorance of that provision of the statute, or in disregard of it.

It is said that the requirement of the statute that notice for ten days of the passage of such resolution shall be given for two weeks

in some newspaper of general circulation, which notice shall state the time and place when and where the property owners along the line of the proposed improvement may make objections to the necessity of the improvement,—I say it is argued that that provision of the statute is substantially complied with by the naked publication of the ordinance itself. The ingenuity of counsel in urging such a claim is to be commended, but the argument is one that carried little force with the court. To say that the naked publication of an ordinance, with nothing more, is a substantial compliance, or even an attempt to comply, with the statute, is, in my judgment, entirely unfounded. The notice that is required to be given should show, or attempt to show, that a resolution has been adopted by the common council declaring the necessity for a public improvement, and that a time and place are fixed where those who are to be affected by the proposed improvement may appear,. and show why the. improvement is not necessary. Can it be said, with any show of reason, that the publication of the ordinance is any notice to the citizen that is to be affected by it, of the time and place when or where he may appear, and argue, and introduce evidence, and be heard on the question of the necessity of the improvement? My own judgment is that the common council, in this case, just simply started out on this scheme of public improvement either in ignorance of the provisions of section 2, or else with the deliberate purpose wholly to disregard them.

Entertaining these views, it follows that the preliminary injunction will be awarded, to remain in force until the final hearing of the cause.