Finally, I see no mode of escape from the restraining influence of this writ while it remains in force, and the only remedy for the applicant seems to be by resort to the court granting it, and to that court I must commend him. My hands are certainly bound, and I am contrained to suspend my proceedings, and decline for the present, to issue the warrants.

[NEW YORK SPECIAL TERM, July 17, 1857. *Peabody*, Justice.]

———————◆———————

THE PEOPLE, *ex rel.* Charles Devlin, *vs.* C. A. PEABODY.

A *certiorari* to remove proceedings instituted before a judge, to compel the delivery of books and papers by a public officer to his successor, will not be granted while the proceedings are still pending and undetermined.

The allowance of a *certiorari* rests in the discretion of the court.

MOTION to supersede a writ of *certiorari* which had been issued, to remove proceedings pending before Justice Peabody to compel the delivery, by Charles Devlin, to Daniel

D. Conover, of the books and papers connected with the office of street commissioner for the city of New York.

*D. D. Field,* for the motion.

*C. O'Conor,* opposed.

DAVIES, J. The motion in this matter, to supersede the writ of *certiorari*, is founded upon the allegation that the proceedings before the officer, which are sought to be reviewed by it, are yet incomplete and unfinished. The object of the writ is to obtain the judgment of this court before the question is decided by the officer before whom these proceedings are pending.

A writ of *certiorari* is the appropriate remedy to obtain a review by this court of the decisions and proceedings of inferior tribunals, not of record, and the writ is generally allowed as a matter of course, unless it is apparent to the court that injustice would thereby be done. It is often refused when asked for, frequently quashed by the court on its return, and not unfrequently superseded by the court allowing it. In the present case the writ is asked for to obtain a review of the proceedings had before one of the justices of this court, in pursuance of the provisions of article 5, title 6, chap. 5 of part one of the revised statutes. This article is entitled, " Proceedings to compel the delivery of books and papers by public officers to their successors." The 50th section of this title declares that whenever any person shall be removed from office, or his term shall expire, he shall on demand deliver over to his successor, all books and papers in his custody as such officer or in any way appertaining to his office. Section 51 provides, that if any person shall refuse or neglect to deliver over to such successor any books or papers as required, such successor may make complaint thereof to the chancellor, any justice of the supreme court, circuit judge, or first judge of the county where the person proceeded against resides, and if

The People *v.* Peabody.

such officer is satisfied that any books or papers are withheld, he shall grant an order, directed to the person refusing, to show cause why he should not be compelled to make such delivery. At the time appointed the officer is to proceed and inquire into the circumstances. If the person charged with withholding the books and papers shall make oath that he has truly delivered over to such successor, all such books and papers, all further proceedings shall cease. If such affidavit is not made, and it shall appear that such books and papers are withheld, such officer is required to commit such person to jail, there to remain until such books and papers are delivered. Section 54 of this act provides that such officer, if required by the complainant, shall issue his warrant commanding such books and papers to be brought before him, and he shall thereupon proceed to inquire and examine whether the same appertain to the office; and if he shall find that the same appertain to the office, he shall cause them to be delivered to such successor. Section 56 authorizes the same proceedings to be instituted against any person, to whose hands shall come any such books and papers, belonging or appertaining to any such office.

In pursuance of these provisions of law, the proceedings have been instituted before one of the justices of this court, and at the time of application of the complainant for the warrant to commit, consequent on the refusal of the person complained of, to deliver such books and papers in compliance with the order of such officer, and at the time of the application for the search warrant to bring such books and papers before such officer, that he might proceed to inquire and examine whether the same appertained to such office, and while such applications were pending and before the same were determined, the person proceeded against obtains the writ of *certiorari* for the purpose of having such proceedings removed into this court.

I think it is apparent from the perusal of this statute, that the legislature intended by its enactment to provide for a more speedy and prompt action to compel a delivery to a pub-

lic officer of books and papers which were withheld from him. The duties of such officer could not be discharged without such books and papers, and any delay in their delivery would cause great public inconvenience, and might, by a preconcert in a body of public officers, entirely suspend the functions of government. To obviate and prevent calamities so disastrous to the public welfare, these stringent and prompt remedies were provided. The proceedings were to be taken before such a class of officers as the legislature judged most safe to intrust with the exercise of this high and delicate power. They were intended to insure, in any and every contingency, the possession by every public officer of the books and papers of his office, essential to the discharge of his public duties. It should be borne in mind, also, that these provisions are not made for the benefit of the officer, but for the safety and convenience of the public, so that in no contingency shall any public officer be deprived of the means of discharging the duties of his office. These proceedings determine nothing as to the rights of the contestants to hold office. An appropriate and well known action is provided for that purpose, and which by provision of law in this state, is in all courts to have priority over all other cases, so that its prompt decision may be arrived at. But the provisions of this statute are intended to insure no delay or interruption in the discharge of the duties of any public office. It is true that they are not to be invoked by any man who sets up a claim to an office for the purpose of intruding himself and ousting the rightful possessor ; and the legislature, in the selection of the officers authorized to execute this statute, have secured to them every guard against its abuse or perversion to injustice. An eminent judge of this state has said, that " an officer, acting under the statute in question, has no right to grant the order prayed for, until the title of the applicant is clear and free from all reasonable doubt."

Two of the justices of this court have decided that the claimant of these books and papers has a fair color of title to the

The People *v.* Peabody.

office to which they appertain. And the justice of this court before whom the proceedings are pending, has decided that the claimant is a successor in office of the late incumbent, and as such is entitled to the custody of the books and papers to enable him to discharge the appropriate duties of his office. I concur in the views of one of my associates, as expressed in an application made to him to restrain the delivery of the books and papers to the claimant, and in effect to restrain the proceedings of the officer in the matter then before him ; that " although not bound by the decision as an absolute *res judi-cata*, I am bound to respect it as a controlling consideration in a matter addressed to my judicial discretion and my sense of judicial fitness. The public order and the harmonious action of the judiciary, as was in substance observed by a late distinguished chancellor, are more important than the rival claims, however interesting to the immediate parties, of two competing flour inspectors and a street commissioner." These considerations induced me, when application was first made for the writ of *certiorari,* to refuse to accompany it with any stay of proceedings ; and on the subject being brought again to my notice, to make an order that the writ should not in any way operate as a stay or interruption of the proceedings pending before my associate.

I had supposed that all his judicial action had terminated, and that the effect of the trial was to bring in revision solely the right of the claimant to the books and papers. I did not lose sight of the intention of the statute to have such delivery speedy and effective, nor did I think the party proceeded against had no remedy. It is right, after compliance with the order of the officer, to have the correctness of his decision reviewed in this court. If evidence it will be received, and the papers and books will be returned to him. If correct, every consideration showed that the books and papers should be delivered in compliance with the order. It is better that the parties to this proceeding should be put to some inconvenience (no substantial legal right is jeoparded by a compliance with

The People *v.* Peabody.

this order,) than that a public statute passed for wise and beneficial purposes, and essential to the due administration of government and the discharge of the duties of its public officers, should be practically set at naught.

It was conceded on the argument that the allowance of this writ rested in the discretion of the court. Such discretion, however, is to be exercised with a deep sense of duty as well to the applicant for the writ, as to the rights of the public and the consequences which might follow from granting it.

The case of *Lynde* v. *Noble*, (20 *John.* 80,) shows that in no case should it be granted until there has been a final adjudication of the matter by the officer before whom the proceeding is pending. And even in such cases it has been refused, where the court saw that great injustice and wrong might result from issuing it. I am satisfied, as I was when this case was first presented to me, that I ought not to interfere at all with the proceedings while pending before the officer undetermined; that I have the discretion to grant or refuse the writ of *certiorari*, and that, having granted it, with the qualification that it should not operate as a stay of proceedings, and being clearly of opinion that it ought not to operate as a stay, and it being insisted upon by the relator who procured its allowance that it is a stay, I have no doubt that it is my duty to do in effect what this court did in the case of *Patchin* v. *Mayor of Brooklyn*, (13 *Wend.* 671,) direct a supersedeas of the writ, and the same is superseded accordingly.

[NEW YORK SPECIAL TERM, July 18, 1857. *Davies*, Justice.]