NEW YORK PRACTICE REPORTS. **289**

People *ex rel.* Curtiss agt. Common Council of the City of Utica.

# SUPREME COURT.

THE PEOPLE *ex rel.* PHILO S. CURTISS agt. THE COMMON COUNCIL OF THE CITY OF UTICA AND THE CITY OF UTICA.

Where, after a return is made to a writ of *common-law certiorari,* the court is satisfied upon a hearing that the writ was improvidently issued, or that justice and equity, or a regard to considerations of public policy or public inconvenience, require such a decision in respect to it, they will dismiss the writ without passing upon the merits upon the particular questions raised or designed to be raised by it for review.

This rule applied in this case, where the writ was issued with a view to review and set aside the proceedings of the common council of the city of Utica for alleged irregularities in regulating, grading and paving a portion of Genesee street, in that city, which proceedings had been commenced and carried on for nearly two years prior to the issuing of the writ, and most of the assessments therefor, other than the relators, who were property-owners thereon, had been laid and collected.

The common council are in principle and in fact nothing more than agents of the property-owners in cities, in making such improvements, and when the property-owners benefited thereby suffer the improvements to proceed and be completed, they should be held to affirm the acts of their agents in constructing such work.

*Heard and decided at Rochester General Term, April,* 1873.

*Present,* MULLIN, *P. J.,* TALCOTT *and* E. D. SMITH, *JJ.*

THIS case comes before the court upon a writ of *certiorari,* returnable at the present term of this court.

The return to said writ having been duly made and filed, the case was brought on for argument upon such return, the particulars of which appear in the opinion of the court.

CHARLES MASON, *for relator.*

S. M. LINDSLEY and FRANCIS KERNAN, *for respondents.*

*By the Court,* E. DARWIN SMITH, *J.*—It appears from the return of the respondents in this proceeding that on the 14th day of April, 1871, the common council of the city of Utica passed the initiatory resolution required by the charter of said city, directing their clerk to publish notices that they intended to cause the paving of Genesee street, from the termination of the pavement near Oneida square, to the southerly line of the city, and that action would be had thereon April 28th, 1871.

That the notice then directed was subsequently published in the official papers of said city, from April 26th to May 5th, 1871, once in each week, in which the day for action on such improvement was fixed on May 12th, and such proceedings were continued till the 9th day of June, 1871, when a resolution was duly passed directing the clerk to publish the requisite notice to pave such street with Nicolson, Miller or other wood pavement, and with cobble stones on the outer sides, as subsequently done. That pursuant to such resolution, notice was duly published in the official papers of the city, stating that applications were pending before the common council for the construction of such work, specifying the kind and character of the pavement, and that final action thereon would be had by said council on the 23d day of June, 1871, and that sealed proposals for the said work would then be received up to that time, and be then opened and considered. That on the 14th day of June a plan for said work, with specifications therefor, was filed in the city clerk's office. On this 23d day of June, various proposals were received and opened, and the common council by resolution determined that the proposal of the American Nicolson Pavement Company was reasonable and favorable, and the proceedings were further continued till the 30th day of June, 1871, when an ordinance accepting and approving of such proposal and for the construction of such pavement in accordance therewith was duly passed.

The said ordinance accepted the proposal aforesaid, and

provided that said work be commenced on or before the 20th day of July, 1871, and be completed on or before August 10th, 1872 ; and it appears from exhibits annexed to the return of the respondents, that said work was inspected, accepted and approved by the superintendent of such work, appointed by the city, on the 27th of September, 1872, and by the city surveyor at the same date.

From these facts it appears that the definitive and final ordinance of the common council for the construction of such work was passed on the 30th day of June, 1871.

This ordinance accepted the proposition of the American Nicolson Pavement Company for the construction of such work, and directed such work to be done according to the plans and specifications then on file in the city clerk's office, and those filed by said company.

This was and is such a final adjudication as will warrant the allowance and retention of a writ of certiorari to review the same within the cases of *The People* agt. *The Supervisors of Livingston* ( 237); *Lyne* agt. *Noble* (20 *Johns.*, 80); *and The People* agt. *Peabody* (26 *Barb.*, 437).

At the close of the present term of this court upwards of two years will have elapsed since the first proceeding, required by the charter to authorize the making of the said improvement, were initiated by the common council, and two years, within about sixty days, since the final ordinance for the construction of said work; and the acceptance of the proposals therefor were passed as above stated. These proceedings must have been well known to the relator and to the other property-owners on Genesee street, in whose behalf the writ of certiorari issued in this cause, as well as his own, was sued out and prosecuted.

The relator further states and shows that a petition was presented to said common council at its meeting on the 14th day of July, 1871, signed by said relator and most of persons so named in said writ, asking for the appointment of a person, therein named, as superintendent of the Genesee street

People *ex rel.* Curtiss agt. Common Council of the City of Utica.

paving, who, in accordance with such petition, was duly appointed for that purpose at the next meeting of the common council, held on the 21st of July.

The certiorari in this proceeding was allowed upon the return of an order to show cause, which the papers before us show was granted on the 9th day of January, 1873. In the mean time the work of said improvement had been continued and completed, and an assessment for the expense thereof duly made and confirmed, and the assessment roll delivered to the treasurer of the city for collection, and more than one-half of the amount thereof duly paid to him thereupon.

In view of these facts it seems to us quite clear that the writ of certiorari, issued in this cause, ought not to be entertained for the review of the proceedings of the common council in respect to this improvement.

If any irregularities or informalities occurred in the proceedings of the common council in directing said work, or in letting the contract for its construction, we are of the opinion that, after the lapse of the time that has intervened since the said work was authorized, it would be unjust and unreasonable to review said proceedings with a view to reverse them for any such error at this period of time. The relator and those in whose behalf, besides, the writ was issued out, have laid by and seen the work constructed upon this street for the benefit of their property, and should be estopped from questioning the right of the city to make such improvement, in analogy to the rule in equity that, when a party lies by and sees another making a valuable erection and improvements on his land, supposing he is making it upon his own land, he shall be estopped afterward from setting up his title to the land so improved.

The common council are, in principle and in fact, nothing more than agents of the property-owners in cities in making such improvements; and when the property-owners, benefited thereby, suffer the improvements to proceed and be completed, they should be held to affirm the acts of their agents in

People *ex rel.* Curtiss agt. Common Council of the City of Utica.

constructing such work. As with other cases between principal and agent, where the trustees of public or private corporations act for the benefit of particular individuals, such individuals, if they seek to disaffirm and avoid such acts, should take prompt steps to do so or they will be held to affirm the same (*Story* agt. *Freeman*, 25 *N. Y.*, 230).

The common-law writ of certiorari is allowed, and the remedy sought by it granted, in the discretion of the court (2 *Hill*, 28 ; 21 *Barb.*, 656). And where, after a return is made to such writ, the court is satisfied, upon a hearing, that the writ was improvidently issued, or that justice and equity, or a regard to considerations of public policy or public inconvenience require such a decision in respect to it, they will dismiss the writ without passing upon the merits upon the particular questions raised or designed to be raised by it for review (*People* agt. *Stillwell and ano.*, 19 *N. Y.*, 531).

In *The People* agt. *The Supervisors of Allegany* (15 *Wend.*, 198), *and in The People* agt. *The Mayor of New York* (2 *Hill*, 9), and in many other cases, the courts have quashed the writ in like cases.

In accordance with these views, the writ of *certiorari* in this case should be quashed, with costs to the respondents.