By the Court.—Horace Russell, J.
The order appealed from should, in my judgment, be affirmed on the ground of laches.
This case, so far as laches is concerned, is like that of Lord (78 N. Y. 109 ; 21 Hun, 555). In that case, an assessment was continued in September, 1869 ; the petitioner commenced proceedings in the supreme court in December, 1876. His petition was denied at special term on the ground of laches. The general term affirmed the order; the court of appeals reversed the decisions below, because it did not appear that there *37 had been any change in the relative position of any of the natural persons affected or sought to be, by " the proceeding. In other words, because it" did not appear “ that the city had ever enforced the assessment against any property or owner thereof or that any owners have ever voluntarily paid.” Upon the re-hearing ordered by the court of. appeals, it was shown that of the entire assessment, over one-third had been paid by the owners of property, and that two other lots, subject to the assessment, had changed hands since the assessment was laid. Thereupon, the special term again denied the petitioner’s application, and the order was affirmed at general.term (21 Hun, 557).
Barrett, J., delivering the opinion of the court, says : “It now appears that the assessment has been
partly enforced and paid ; also that some of the lots have changed hands. Thus, owing to the petitioner’s great laches, it has become impossible to do justice to other property owners. The petitioner has enjoyed the benefit of the improvement during all these years, and now, upon a mere technicality, without alleging fraud, oppression, or even unreasonable charges, he seeks to throw the burden upon the general tax-payers of the city, including, of course, these very property owners who have already paid their full share of the cost of the worlc. . . . . . . The question of his laches is an independent one. If he had moved within any reasonable time, the merely formal irregularities of which he complains might have been corrected, and a new assessment effectively laid. The latter is now practically impossible. There is no real merit in the application, and under the intimation of the court of appeals, as to the effect of the evidence now before us, it should be denied.”
In the case before us, it appears that over three- *38 fifths of the property covered by the same assessment as that ¿gainst which the petitioner seeks relief, has changed hands. The decision in that case seems, therefore, to be clearly in point. The facts of this case afford even stronger reasons than existed in that for denying the petitioner’s application. I regard that decision as controlling (People v. Mayor, 2 Hill, 12, 13; Elmendorf v. Mayor, 25 Wend. 693; People v. Hill, 53 N. Y. 549 ; People v. Supervisors Alleghany, 15 Wend. 198 ; People v. Stilwell, 19 N. Y. 531; State v. Newark, 30 N. J. Law, 303 ; State v. Jersey City, 35 Id. 455 ; Chinn v. Trustees, 32 Ohio St.; Am. Law Reg. March, 1879, 203; People v. Utica, 65 Barb. 9; Wiggin v. Mayer, 9 Paige, 22).
Most, if not all of the questions raised by the petitioner on the argument, seem to have been heretofore decided adversely to the theory he maintained. I should feel bound to respect those decisions, and therefore, have not carefully considered them upon their merits. If they are overruled by any court, that court should be the one which finally determines the law in this State. The same may be said as to the case of Lord, above cited.
The order of the special term should be affirmed with costs and disbursements.
Sedgwick, Ch. J., and Speir, J., concurred.