THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL A. STEVENS, Appellant, v. THE BOARD OF POLICE COMMISSIONERS OF THE CITY OF NEW YORK, Respondent.

*Certiorari — when an application therefor will be denied because of the laches of the petitioner.*

On September 8, 1879, the relator applied for a writ of *certiorari* to review the proceedings by which he was removed from his position as a member of the police force of the city of New York, which proceedings were completed and terminated on December 24, 1878.

*Held,* that in the absence of any excuse for his omission to sooner apply for the writ his application was properly dismissed, because it was not made with reasonable diligence.

Appeal from an order made at Special Term, quashing and vacating a writ of *certiorari*.

*Louis J. Grant,* for the appellant.

*D. J. Dean,* for the respondent.

Daniels, J.:

The relator was tried upon charges made against him as a member of the police force of the city of New York. They were found to be sustained by the evidence which was taken and he was dismissed.

The proceedings in which this was done were completed and terminated on the 24th day of December, 1878, and the writ which was issued to review them was not obtained until the 8th day of

September, 1879. On account of this delay, for a period exceeding eight months, the Special Term made an order dismissing the writ.

No reason was stated in the relator's petition excusing his omission to apply for it before the time when his application was made. While the settled principle in cases of this nature requires that the writ shall be obtained with all reasonable diligence to entitle the applicant to review a decision of the nature of that which is made the subject of complaint. No particular time has been prescribed for that purpose beyond the fact that the delay cannot be allowed to extend beyond the period of two years. Within that time the action of the court, in the allowance of the writ, has been established to be discretionary, and when the circumstances are such as to show that the application has been made with reasonable diligence, there the writ has been sustained. But when delay will necessarily have the effect to derange the interests of the public, there the party is required to act speedily in making his application. This was a case of that nature, for the good order and security of the city required that the police force should be fully supplied, and that could not ordinarily be done if it was liable to derangement and changes by means of proceedings of this nature, instituted after it might fairly be assumed that the party affected acquiesced in the determination which had been made against him. It is probable, from the nature of the proceedings, that the relator became speedily informed of the result. And if it was his purpose to obtain a review of the determination, the obligation was then imposed upon him to act at once, and if he believed he had been unjustifiably dismissed, his own interests would also stimulate him to speedy action. He failed to take it, and because of that failure for the intervening period already mentioned it might well be assumed that he had abandoned all intention of endeavoring to review what had taken place. As the law has since been enacted, where the party is subjected to no disability his application for this writ must be made within four calendar months after the determination it may be its object to review. (Code Civil Procedure, § 2125.) That has been prescribed as the period which the legislature deemed to be reasonably proper for this purpose. It is the expression of the sense of that body as to what should be the extreme limits which reasonable diligence on the part of the applicant would appear to require. In this case more than

double that length of time expired after the decision before the writ to review it was procured, and as no explanation was made excusing this delay, and the case was one where the public interests required prompt action, the order dismissing the writ seems to have been warranted.

That disposition was within the power possessed by the court over this subject. (*People* v. *Common Council of Utica*, 65 Barb., 9–22 ; *Elmendorf* v. *Mayor*, etc., 25 Wend., 693 ; *People* v. *Landreth*, 1 Hun, 544 ; *People* v. *Hill*, 53 N. Y., 547.) And it was not improperly exercised under the circumstances appearing in this case.

The order appealed from should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed.