THE CHICAGO AND ERIE RAILROAD COMPANY *v.*
THE CITY OF HUNTINGTON.

[No. 18,393.   Filed February 17, 1898.]

SEWERS.—*Appeals to Circuit Court from Assessments Prior to the Issuing of a Precept.*—The provision for appeals to the circuit court from the issuing of a precept against a property owner for the collection of a sewer assessment, made by section 4298, Burns' R. S. 1894, applies where the contractor has been paid, and the city is substituted to his rights the same as in case the contractor himself applies for a precept, and an appeal taken from such assessment prior to the issuing of a precept is premature.

From the Huntington Circuit Court.   *Affirmed.*

*W. O. Johnson, O. W. Whitelock* and *S. E. Cook,* for appellant.

*J. Fred France* and *Z. T. Dungan,* for appellee.

HOWARD, C. J.—This was an appeal to the court below from assessments for the construction of a public sewer, made by the common council of the appellee city against certain lots and lands of the appellant. The appeal was dismissed, and judgment entered against appellant for costs.   It is contended that the appeal was premature, being taken from the assessments made by the city council, whereas the only appeal provided for in the Barrett law is one to be taken on the issue of a precept for collection of assessments.

The proceedings for the construction of the sewer and the making of the assesments are set out in the record, and seem to be in substantial compliance with the statutes providing therefor.   The council found the sewer to be a general one, and the assessments were made as provided for in the act approved March 4, 1893 (Acts 1893, p. 332, sections 4273-4275, Burns' R. S. 1894).

In *Alley* v. *City of Lebanon,* 146 Ind. 125, it was held

that, in the enactment of this statute, "the legislature intended only to provide a method by which the common council or town board should be guided in making assessments upon the property benefited by the work." The statute is supplementary to, and to be construed in connection with, the general law for the construction of sewers. It was also held in the case last cited that the reference in the statutes to the acts "relating to the assessments of benefits in the laying out of streets" concerned only the method of assessment by the town board or common council; that is, that for a local sewer, or its equivalent, the assessment is to be per front foot on the abutting property, and for the excess, in a general sewer, "the actual benefits and damages, and not merely the frontage, area, or value of property, are to be considered." It is not even necessary to refer the matter to the city commissioners. The assessment, "in every case is to be made by the town board or common council."

In this case, however, the city authorities, following what they deemed to be the spirit of the law, did refer the matter of the assessment to the city commissioners. No error resulted from this. The work of the commissioners took the place of a report by the city engineer. The council, in confirming and adopting the report of the commissioners, itself made the assessment. The report of the engineer, or, as in this case, of the commissioners, is for the information of the common council. The council may change or correct such report as it may deem right and just, and it is the final act of the council that constitutes the assessment. The work of the commissioners in this case was, therefore, no essential part of the proceedings; nor is there anything in the statutes relating to the city commissioners that enters into the statute here under consideration save only the requirement that

the town board or common council, in making the assessment for the construction of so much of a general sewer as is over and above the equivalent of a sufficient local sewer, should consider only the benefits to the property to be affected. The appeal provided for in case of "the assessments of benefits in the laying out of streets," has, consequently, no application to such a case as this.

But appellant further contends that, as the only provision for appeal in the Barrett law is that given in favor of a property owner when the contractor sues out a precept in case of nonpayment of an assessment, and as the city has paid the contractor in this case, and the assessments are all due the city, no appeal can be taken by this appellant, unless it can be taken in the manner pursued in the appeal before us. Even if this were true it would not follow that the law is invalid. The legislature need not provide for appeal, but might make the action of the council final. *Hughes* v. *Parker*, 148 Ind. 692.

We think, however, that the provision for appeal given in section 10 of the laws as amended, Acts 1891, p. 326 (section 4298, Burns' R. S. 1894), applies where the contractor has been paid, and the city is substituted to his rights, quite the same as in case the contractor himself applies for a precept. What was said in *City of Elkhart* v. *Wickwire*, 121 Ind. 331, is in point, as we think, as to such a case: "If necessary the law will treat the city as an equitable assignee of the assessments, and allow the precepts to issue in the names of the contractors for the use of the city. But we are unable to see any good reason why the assessments might not be made for the benefit of the city, and precepts issued in its name; the payment by the city did not discharge the assessments as against the property-holders, and as the money is due to the city we can

see no good reason why the precepts might not thus issue."

The city's rights after payment of the contractor are not less than those of the contractor, and the affidavit of the mayor, or other official to be designated by the common council, might be substituted for that of the contractor. As, therefore, the city may have a precept for the collection of a delinquent assessment due to it, the right of appellant to an appeal is in no way abridged.

The act of 1893, providing for the manner of making assessments for sewers is, therefore, a valid and constitutional part of the general law for the construction of sewers, and appellant's appeal, having been premature, was properly dismissed.

Judgment affirmed.