## BUSENBARK ET AL. v. CLEMENTS ET AL.

[No. 2,986. Filed April 25, 1899. Rehearing denied June 27, 1899.]

MUNICIPAL CORPORATIONS. — *Opening of Streets.* — *Street Improvements.*—The action of a city council approving the report of city commissioners estimating benefits and damages for opening a street can not have the effect of a judgment, unless such action is in strict conformity with the statute. *pp. 558, 559.*

Busenbark *v.* Clements.

MUNICIPAL CORPORATIONS.— *Opening Streets. — Void Proceedings.* —Where proceedings to open a street are void, no act of any person can render the same valid; but when a party by his conduct has said they were valid, he is then precluded from saying they are void. *pp. 559, 560.*

SAME.—*Street Improvements.—Void Proceedings.—Estoppel.*—Where property owners having notice of a street improvement by publication, according to law, made no objection, and permitted money to be expended which benefited their property, they will be estopped from denying the validity of an assessment therefor, although the action of the council in opening the street was illegal and void. *pp. 560, 561.*

APPEAL AND ERROR.—*Assignment of Cross-Error.*—It is not necessary in the assignment of cross-error to set out the names of the parties to the appeal. *pp. 561, 562.*

From the Montgomery Circuit Court.    *Affirmed.*

*Ristine & Ristine,* for appellants.

*A. D. Thomas, W. T. Whittington, G. W. Paul, H. D. Van Cleave* and *William Paul,* for appellees.

ROBINSON, J.—Transferred from the Supreme Court. This appeal involves the validity of a street assessment. Appellants answered appellees' complaint by alleging that in 1874 James Busenbark died testate, the owner in fee of the land in controversy, which land he left by will to appellants subject to a life estate in his widow; that his will was duly probated and recorded; that the widow then resided, and still resides, on the land; that, afterwards, appellee city of Crawfordsville, by proper proceedings against the widow and these appellants, opened Pike street through this real estate, and improved the same, and the cost thereof was paid by appellants; that afterwards the city undertook to open Hocum street across this land, by proceedings against the widow alone, and damages were assessed to her alone; that after such damages had been assessed by the city commissioners, and approved by the city council, and before the street was opened, the city began an action in the circuit court by way of interpleader against all the devisees under James Busenbark's will, and brought the damages so assessed in the

widow's favor into court; but, before any action had been taken in the case, the city dismissed the proceeding against the devisees and withdrew the money paid into court and paid the same to the widow, who appropriated it to her own use; that no proceedings whatever have been taken by the city against appellants to condemn or appropriate such land as and for a street; that no assessment of benefits and damages has ever been made by the city against appellants; that no license to enter upon and appropriate the land, or any part thereof, was ever granted by appellants to the city, and that appellants had no knowledge whatever, either actual or constructive, of the action of the city in the premises.

The complaint seeks to recover an assessment against appellants in improving Hocum street. No question is made but that the proceedings of the city from the time they undertook to improve Hocum street were regular. The question involved relates to the validity of the proceedings of the city in opening that street. The allegation in the answer that upon the opening of Hocum street an action was brought and appellants interpleaded in order to determine to whom the damages assessed should be paid was in no sense a notification that the street was being opened. It does not appear that any notice of any kind was given appellants of that proceeding, or that they appeared in any manner, but that before any proceedings were had the action was dismissed. Conceding that the action of a city council, approving the report of city commissioners estimating benefits and damages for opening a street, has the effect of a judgment, yet it can not have such effect unless the action of the council has been in strict conformity with the requirements of the statute. *City of Terre Haute* v. *Blake*, 9 Ind. App. 403; *City of Elkhart* v. *Simonton*, 71 Ind. 7.

The proceedings to open the street were void. That act of the city having been void, it is void for all purposes and for all time. No act of any one at any time under any circumstances can make that particular act valid. And if ap-

pellants are now liable for the assessment in question, it is not by reason of any validity given that act by their subsequent conduct. While a void act forever remains so, and can never become valid, yet a party may by his conduct preclude himself from saying it is void. The act is still void, but, if his conduct has said it is valid, he is then precluded from saying it is void. This is the doctrine of estoppel. It has no element of ratification in it. It proceeds upon the ground that a person who has been silent, when he ought to have spoken, will not be heard when he ought to be silent. His silence did not and could not ratify the void act, but his former silence precludes him from now saying what he might have said had he spoken in time. Its underlying basis is that it would be a fraud to assert what one's own previous conduct had denied when on the faith of that denial others have acted. Herman Estoppel, section 1; Bigelow Estoppel, section 4 *et seq.*

The complaint avers that all the notices required in the proceedings to improve the street were given as required by statute, and that no objections were made. It is true the notices given in the improvement of the street were all by publication. But the rule is statutory, and the same kind of notice is required to be given to all property owners, whether residents or nonresidents. Section 4288, 4289, 4294 Burns 1894. It clearly appears that the city had jurisdiction over the subject-matter and acquired jurisdiction over appellants in the proceedings to improve the street. *Barber Asphalt Co.* v. *Edgerton,* 125 Ind. 455. It is true this notice is constructive, but, in case of an appeal from a precept for sale and a trial, the statute provides that no question shall be tried which may arise prior to the making of the contract for the improvement. And no exception is made in favor of nonresidents. Section 4298 Burns 1894. It thus appears that although the property owner may be a nonresident, and have no actual notice whatever that the improvement is being made, yet he is precluded from ques-

tioning the acts of the council prior to the letting of the contract. It is well settled that an estoppel may be made available in a proceeding to recover a street assessment. Besides, in the case at bar, so far as the answer or cross-complaint shows, appellants may have had actual notice, and may have been present at the various proceedings of the council to improve the street. They rely exclusively upon the fact that the act of the city in opening the street was void. It was void, and, had they raised the question at the proper time, it would have been declared void. But in contemplation of law they have, without objection, permitted money to be expended in work which benefits their land, under a contract with the city, and they can not now be heard to deny the power of the city to make the contract. Their conduct has not ratified the void act of opening the street, but it does prevent them from now saying that that act was void. *DePauw Plate Glass Co.* v. *City of Alexandria,* 152 Ind. 443; 2 Herman Estoppel, section 1221; *Hellenkamp* v. *City of Lafayette,* 30 Ind. 192; *City of Evansville* v. *Pfisterer,* 34 Ind. 36, 7 Am. Rep. 214; *City of Lafayette* v. *Fowler,* 34 Ind. 140; *City of Logansport* v. *Uhl,* 99 Ind. 531, 50 Am. Rep. 109; *Ricketts* v. *Spraker,* 77 Ind. 371; *Strosser* v. *City of Ft. Wayne,* 100 Ind. 443; *Anderson* v. *Hubble,* 93 Ind. 570, 47 Am. Rep. 394; *Muncey* v. *Joest,* 74 Ind. 409; *Montgomery* v. *Wasem,* 116 Ind. 343; *Louisville, etc., R. Co.* v. *Beck,* 119 Ind. 124; *Bravard* v. *Cincinnati, etc., R. Co.,* 115 Ind. 1; *Jackson* v. *Smith,* 120 Ind. 520; *Porter* v. *Midland R. Co.,* 125 Ind. 476.

Appellee Magdalena Busenbark has assigned as cross-error the sustaining of the demurrer to the second paragraph of her separate answer. Appellants' counsel argue that this assignment is bad because it does not contain the names of the parties to the appeal. It has been held that it is not necessary in such case to set out the names of the parties to the appeal, *State* v. *First Nat. Bank,* 89 Ind. 302; *Nichol* v.

*Henry*, 89 Ind. 54; although it has subsequently been held that the dismissal of an appeal by the appellant does not carry the case, so far as it is affected by an assignment of cross-error. *Feder* v. *Field*, 117 Ind. 386. But the former cases have never been overruled, and are yet the law. The only way the assessment could be made was the way it was made; that is, for a sum in gross against the land held by appellants, and subject to a life estate in Magdalena Busenbark. It does not appear that any assessment was made against her life estate, and her answer itself alleges that no assessment or lien of any kind has ever been made or declared against her life estate, and that such has never been claimed. The answer was pleaded in bar to the complaint, and as such answer it is bad as against a demurrer. It presents no question as to how the assessment as between the life tenant and remainder-men should be paid, and upon that question we decide nothing. Judgment affirmed.

Henley, J., absent.