Norton *v.* Fisher.

---

NORTON ET AL. *v.* FISHER ET AL.

[No. 4,703.    Filed May 11, 1904.]

MUNICIPAL CORPORATIONS.—*Sewers.*—*Special Assessment.*—Where the ordinance under which a sewer was constructed provided that it was to be a "general sanitary sewer system" and it appears from the record that certain property owners remonstrated against the assessment on the ground that the assessment exceeded ten per cent. of the assessed valuation of the property, and for that reason it was invalid under subdivision 43 of §3541 Burns 1901, and such remonstrance was overruled, and the assessment made, the court erred in rendering a judgment limiting the amount to ten per cent. of the assessed valuation of the property, since it appears from the record that the proceeding was under the Barrett law, and not under subdivision 43 of §3541 Burns 1901 limiting the assessment to ten per cent. of the valuation of the property.

From Morgan Circuit Court; *J. L. Clark,* Special Judge.

Action by Daniel W. Norton and another against Robert Fisher and others to foreclose a sewer assessment. From

a judgment in favor of defendants, plaintiffs appeal. *Reversed.*

*Oscar Matthews,* for appellants.

*E. M. McCord* and *N. A. Whitaker,* for appellees.

WILEY, P. J.—This was an action by appellants against appellees to foreclose an assessment lien against the latter's property for the construction of a sewer. No question is raised as to the sufficiency of the complaint. Appellees answered in two paragraphs, to the second of which a demurrer was overruled. To the second paragraph of appellees' answer appellants replied in two paragraphs, the second of which was stricken out on appellees' motion. The cause was tried upon an agreed statement of facts, resulting in a finding and judgment for appellants that they were entitled to recover upon their complaint an amount equal to ten per cent. of the assessed valuation of appellees' property. Not being content with such finding and judgment, appellants moved for a new trial, which motion was overruled.

Appellees' contention is that their property was only subject to an assessment for the construction of a sewer in an amount equal to ten per cent. of the assessed valuation of the property, while appellant's contention is that the assessments were made under the provisions of the Barrett law and amendments thereto, by virtue of which the whole cost of the improvement shall be paid for by the property holders according to benefits in the same manner and to the same extent as street improvements are paid for, and without regard to the assessment for taxation of such property.

The question to be decided in this case is presented both by the second paragraph of answer and appellants' motion for a new trial. A proper decision of the question requires an examination and construction of the several statutes under which incorporated towns and cities are authorized

to construct sewers and assess the costs of such construction against property owners.    At the time of the construction of the sewer for which appellees' property was assessed, there were several statutes relative to the construction of sewers, and the assessment of property to pay therefor. Section 3541 Burns 1901 confers certain powers upon the common council of incorporated cities.    Subdivision. forty-three of such section confers the power to construct and regulate sewer drains, etc., and is as follows:    "To construct and regulate sewers, drains and cisterns and provide for the payment of the cost of constructing the same; to cause the same to be done by contract given to the best bidder after advertising to receive proposals therefor; to provide for the estimate for the cost thereof, and the assessment of the same upon the owners of such lots and lands as may be benefited thereby in such equitable proportions as the common council may deem just, which estimate shall be a lien upon such lots and lands, and may be enforced by the sale of the same in such manner as the common council may provide:    Provided, however, that not to exceed ten per cent. of the value of such lots or lands as the same is valued and assessed upon the tax duplicate, for state, and county or city taxes, shall be assessed against such lots or lands in any one year."    This statute was enacted in 1895, and went into force June 28, 1895, and was an amendment to the act approved March 14, 1867, section fifty-three of which act was amended by the act approved March 10, 1873, but the forty-third subdivision, above quoted, was not changed.    Section 3597 Burns 1901 is as follows:    "The common council shall have power to construct and regulate sewers, drains, and cisterns, and provide for the payment of the cost of constructing the same; and; when, in its opinion, the construction of any sewer would be of public benefit to the city and necessary for the improvement of any street or streets, for the removal of surface or storm water therefrom, may, by a two-

thirds vote, cause to be paid out of the city treasury such portion of the cost of the construction of such sewer as, in the opinion of said council, would be equitable and just." This statute was not an amendment to any former statute, but was a new and independent statute, and is only applicable in connection with the improvement of streets, and when necessary to remove the surface-water from the street. *City of Elkhart* v. *Wickwire,* 121 Ind. 331.

Section three of the Barrett law (§4290 Burns 1901), or so much thereof as is applicable to the question in hand, is as follows: "In all contracts specified in the preceding section the cost of any street or alley improvement shall be estimated according to the whole length of the street or alley, or the part thereof to be improved per running foot, and the costs of any such sewer shall be apportioned among the lands, lots and parts of lots, benefited thereby, and according to such benefits without regard to the assessment for taxation of such property." In 1895 the legislature passed a law relating to sewer improvements, applicable to all cities of a population of less than 35,000 inhabitants. Acts 1895, p. 190, §3597a *et seq.* Burns 1901. Section one provides that when the common council may desire to construct sewers or make sewer improvements, and when any such sewer shall, from its size and character, be intended and adopted only for local use, and, in the opinion of the common council, is not intended or adapted for receiving sewerage from collateral drains, then the whole cost of the improvement shall be paid for by the property holders abutting upon such street or alley in the same manner and to the same extent as street improvements are paid for, etc. Section two of the act applies to sewers for general use, adapted for receiving sewerage from drains already constructed, or which may be afterwards constructed, and provides that the common council "shall make a division of the cost of such work," and that "so much of such cost as shall be equivalent to the construction of an adequate sewer

not adapted to receiving sewerage from collateral drains or sewers shall be paid for exclusively by the abutting property holders, in the same manner and to the same extent as local sewers are paid for by them. The excess of cost over and above what would be equivalent to the cost of a local sewer shall be assessed against each piece of property beneficially affected in proportion to the benefits received, including abutting property holders, as well as the holders not situated on the line of such drain or sewer, but in the opinion of the common council beneficially affected by the construction of such sewer, either directly or immediately or indirectly, and by way of the advantage which shall be realized in the future when collateral drains may be constructed from such property to such main sewer." Section three of the act provides: "The provisions of the acts of the General Assembly of the State of Indiana, relating to the assessment for street improvements shall govern such common council in making assessments for the cost of any local sewer or drain, or the equivalent thereof. In the construction or enlargement of any sewer or drain adapted for more than local use the provisions of the acts of the General Assembly of the State of Indiana relating to the assessments of benefits in the laying out of streets shall govern such common council in assessing benefits: Provided, that in the case of sewers the assessments may be made to run twenty years, and the bonds issued to anticipate said assessments may also be issued payable during a period of twenty years." Section four repeals "all laws within the purview of this act and inconsistent" with it. The ordinance under which the sewer was constructed declares that it was to be a "general sanitary sewer system," and the record shows affirmatively that the assessment against appellees' property was based upon benefits, and not upon the assessment valuation.

Counsel have ably discussed questions relating to the repeal of certain provisions of the several statutes to

which we have referred, but we do not deem it necessary to decide such questions. It is clear from the whole record that the common council did not proceed under subdivision forty-three of §3541, *supra,* but under what is commonly known as the Barrett law, and subsequent kindred acts. Section three of the act of 1895, *supra,* provides that the common council, in the construction and enlargement of sewers adapted for more than local use, shall be governed in making assessments by the provisions of the law relating to the assessment of benefits in laying out streets, etc. There is nothing in the record to show that the common council, in making the assessments, pursued any other method than that prescribed by the statute then in force. On the contrary, it affirmatively appears that the common council did not have in view the provision of subdivision forty-three of §3541, *supra,* for appellees remonstrated against the assessment on the ground that the assessment exceeded ten per cent. of the assessed valuation of the property, and for that reason it was invalid. This remonstrance was overruled, and assessments made and confirmed on the beneficial basis.

The question before us seems to be settled by the case of *Alley* v. *City of Lebanon,* 146 Ind. 125. It was there said: "It is plain, from the provisions of the statute, that the legislature intended only to provide a method by which the common council * * * should be guided in making assessments upon the property benefited by the work. In case of a local sewer, or its equivalent, the benefits are to be assessed on the abutting property, by the front foot, as in case of street improvements, except that the whole cost shall be assessed to the abutting property, and none to the city; * * * while in case of a general sewer, such as that in the case before us, the excess of cost over the cost of a local sewer is to be assessed to all the property benefited, including the abutting property; and in making this last assessment the * * * common council are to be

governed by the same provisions of law that prevail in making assessments for the laying out of streets; that is, the actual benefits and damages, and not merely the frontage, area or value of property are to be considered." This rule was approved and followed in the later case of *Chicago, etc., R. Co.* v. *City of Huntington,* 149 Ind. 518. It follows that appellees' second paragraph of answer was insufficient to withstand a demurrer, and that the decision of the court was not sustained by sufficient evidence.

The judgment is reversed, and the court below is directed to sustain appellants' demurrer to the second paragraph of answer, and their motion for a new trial.