## BOSWELL v. CITY OF MARION ET AL.

[No. 5,541.   Filed January 30, 1907.   Rehearing denied June 4, 1907.   Transfer denied June 28, 1907.]

1. INJUNCTION. — *Municipal Corporations.* — *Street Assessments.* — *Pleading.*—A suit for injunction against the placing of a street assessment on the city tax duplicates may be maintained, where the complaint shows that the city failed to take the steps necessary to make such assessment legal.  p. 290.

2. MUNICIPAL CORPORATIONS.—*Street Assessments.*—*Collateral Attack.*—A street assessment made by a city council upon a report made to it by the street and alley committee, due notice of the hearing before such committee having been given, is not subject to a collateral attack by a frontager on the ground that the statute (§3623c Burns 1901, Acts 1901, p. 534, §3) requires the question of assessments to be submitted to the city commissioners for report.  p. 293.

3. SAME.—*Street Assessments.*—*Council.*—*Principal and Agent.*—*Estoppel.*—The city council, for the purpose of making a street assessment, is the agent of the property owners benefited; and such owners are estopped to question the validity of assessments, by failing to object at the proper time to the making of the improvements.  p. 294.

4. SAME.—*Collateral Attack.*—*Estoppel.*—Unless the assessment is absolutely void for want of jurisdiction, frontagers can not stand by, knowing of the making of street improvements, and making no objections thereto, and then, after the improvements are made, enjoin the collection of the assessment therefor.  p. 295.

From Grant Superior Court; *B. F. Harness*, Judge.

Suit by Frederick N. Boswell against the City of Marion and another.  From a decree for defendants, plaintiff appeals.  *Affirmed.*

VOL. 40—19

C. C. *Gordon* and *Lett & Haisley*, for appellant.

G. A. *Henry*, W. S. *Marshall*, *Gus S. Condo* and J. T. *Charles*, for appellees.

WATSON, J.—This action was brought by the appellant to enjoin the appellees from placing on the tax duplicate of the city of Marion the assessments made against the several pieces of property owned by appellant, for the improvement of Second street of said city. A demurrer to the complaint was filed by appellees, and by the trial court overruled. The appellees filed their joint answer in two paragraphs. The appellant demurred to the second paragraph thereof, the court overruled said demurrer, appellant saved proper exceptions thereto, and thereafter the appellees withdrew their first paragraph of joint answer, which was a general denial. The appellant declined to plead further, and judgment was rendered against him.

The error relied upon by appellant is the overruling of the demurrer to the second paragraph of the joint answer.

The appellees insist that the complaint is bad, for the reason that the action herein was prematurely brought, and cite, in support thereof, *Smith* v. *Smith* (1902), 159 Ind. 388. The appellant averred such facts in his complaint as to the failure of the appellee city of Marion in performing its duty in reference to the making of the assessment complained of herein that makes the complaint good. The case of *Smith* v. *Smith*, *supra*, is not in point or authority in support of the appellees' contention. The trial court did not err in overruling the demurrer to the complaint.

The second paragraph of defendant's answer discloses substantially the following facts: It admits the adoption of the resolution declaring the necessity for the improvement; that two weeks' notice of the time and place for hearing objections to the same was duly given by publication; that plaintiff appeared at the time and place named in said notice, and his objections were duly considered and over-

ruled by the council; that the civil engineer then presented plans and specifications for the improvement, which were duly adopted by the council; that, pursuant to the order of the council, the city clerk advertised for bids for the construction of the improvement according to said plans and specifications; that, at the time and place fixed in said notice, the council received and opened bids for said improvement, and then and there let the contract for the same to Lewis C. Lillard; that plaintiff was present and had knowledge of the letting of said contract, and made no objections thereto; that, pursuant to said action, the written contract was entered into on July 10, 1901; that said Lillard thereupon filed his bond in the sum of $19,000 for the faithful performance of said contract, which bond and contract were approved by the council, appellant having full knowledge of all of said facts and making no objections thereto; that pursuant to said contract said Lillard at once began the construction of said improvement, and being delayed therein, and the council from time to time having granted him an extension of time to complete the same as provided in said contract, the plaintiff, about June 17, 1902, appeared before the common council and petitioned it to require said contractor to complete the work at once, which petition and request were granted by the council; that thereupon Lillard completed said improvement, and a certificate of such completion was duly filed with the council by the city civil engineer; that after the filing of said certificate of completion plaintiff appeared before said council and objected to the council's accepting said improvement from the contractor, for the reason that the same had not been completed according to the plans and specifications, but made no other objections thereto; that said objections were heard and considered by the council, and afterwards it fully investigated the condition of said improvement, and found that the same had been completed according to the plans and specifications, and recommended that the same

be referred to the city civil engineer for his report and estimate of the cost of the same; that the city civil engineer filed his final estimate and report of the cost of said improvement, and the benefits accruing to the various lots and parcels of ground abutting thereon, on October 8, 1902; that said final estimate of the city civil engineer was referred to the street and alley committee of the council, and the city clerk, pursuant to the order of the council, gave notice, by two weeks publication in a newspaper printed and published in said city, that on October 24, 1902, at 7:30 p. m., at the city hall of said city, the street and alley committee would hear any and all objections made by the property owners along said street as to said improvement and assessment made against said property abutting upon said street; that at the time and place named in said notice plaintiff appeared before said committee in person and by his agent and attorney, knowing the contents of said final estimate and the amount therein assessed against his said property, and with full knowledge thereof, made no objections to the amount of said assessment, his sole objection being that the work had not been completed according to plans and specifications; that the committee, on November 11, 1902, reported to the common council, after having duly considered said objections of plaintiff, recommending the adoption and approval of said final estimate, and thereupon the council unanimously adopted a resolution approving said final estimate and fixing and confirming the assessments therein set out, including the assessments against plaintiff's property; that plaintiff was present at said time and place, and made no objections to said proceedings; that prior to and ever since the letting of said contract plaintiff has resided within close proximity to said street improvement, and knew at all times of the construction of the same, but made no complaint or objection to said city or contractor during the progress of said improvement, and made

no objection to the manner or mode of making said assessments, and knew of and understood every step in said proceedings, and has accepted the full benefits of said improvement, and yet retains the same, and that said improvement was a benefit to plaintiff's said property; that said plaintiff, failing and refusing to file a waiver, a proper affidavit was filed by said contractor and a precept was duly issued for the collection of said assessment against his said lots, from the issuing of which precept the plaintiff appealed to the circuit court of Grant county and said appeal was disallowed and dismissed by said court.

The resolution was adopted by the common council, whereby the clerk of said city was directed to place upon the city tax duplicate for collection the assessments against said lots of plaintiff.

The act of 1901 (Acts 1901, p. 534, §§3623a-3623h Burns 1901), applicable to assessments of city improvements, says the assessment shall be referred to the city commis-

2. sioners. In the case at bar the city council referred the assessment to the street and alley committee, and the street and alley committee, after notice had been given by the city clerk, as directed by the city council of Marion, to said property owners whose property had been benefited or damaged by such improvements, heard and determined the benefits and damages as to such property owners, in pursuance to said notice in all respects as required by law of the commissioners of said city, as if the same had been referred to them. The street and alley committee thereupon reported to the city council, as is required by law to be done by the commissioners. This was an irregularity, and does not make the proceedings void. At the last analysis it is the report of the city council; for the report of the commissioners as required by the statute shall be submitted to the council for approval. The statute says: ''The common council * * * may approve said report as filed, or may change or amend

said report as to assessments of property.'' §3623d, *supra*. And see *Chicago, etc., R. Co.* v. *City of Huntington* (1898), 149 Ind. 518.

In the case cited Judge Howard, speaking for the court, said: ''In this case, however, the city authorities, following what they deemed to be the spirit of the law, did refer the matter of the assessment to the city commissioners. No error resulted from this. The work of the commissioners took the place of a report by the city engineer. The council, in confirming and adopting the report of the commissioners, itself made the assessment. The report of the engineer, or, as in this case, of the commissioners, is for the information of the common council. The council may change or correct such report as it may deem right and just, and it is the final act of the council that constitutes the assessment.'' This being a collateral attack, it requires less ground upon which an estoppel may be based than if it were a direct attack upon the legality of the proceedings of the common council of the city of Marion. *Ross* v. *Stackhouse* (1888), 114 Ind. 200, 206; *City of Elkhart* v. *Wickwire* (1889), 121 Ind. 331; Elliott, Roads and Sts. (2d ed.), §592.

The common council of a city are in fact nothing more nor less than the agents of the property owners along the streets improved by said council, and when the property owners benefited thereby stand by and suffer the improvements to proceed to completion without any objections whatever as to the legality of the proceedings, they should be held to have affirmed the acts of the council in the construction of such work. 2 Herman, Estoppel, §1221; *People, ex rel.,* v. *Common Council, etc.* (1873), 65 Barb. 9; *Fletcher* v. *McGill* (1887), 110 Ind. 395, 404; *Ross* v. *Stackhouse, supra; Rosenbark* v. *Clements* (1899), 22 Ind. App. 557.

The rule is that where a party stands by until the work

is completed, knowing his rights, and does not take those steps open to him, but suffers money to be expended by the contractor with the city, and his property is benefited thereby, he impliedly consents that the assessment may be made against his property for the improvement. Whether the assessment is legal under such circumstances or not, he is estopped from invoking the court of equity to enjoin the collection of the taxes so assessed. *Ross* v. *Stackhouse, supra; Rosenbark* v. *Clements, supra.*

In the case of *Ross* v. *Stackhouse, supra,* Judge Mitchell, speaking for the court, said: "Unless, therefore, the law under which the assessment is imposed makes no provision for notice, or unless the proceedings under which the proposed improvement is to be made are totally void for want of the observance of some condition necessary to the attaching of jurisdiction, the work cannot be arrested at any stage; and, in any event, one who acquiesces, with knowledge, until after the improvement has been completed cannot escape payment for the actual benefits received, even though the proceedings turn out to be void, provided the contractor proceeded in good faith and without notice from the property owner. He cannot enjoy the benefits and escape the burden, unless he interferes or gives notice before the benefit is received."

The work of improving a street is usually undertaken because public interests demand it. Yet the landowner whose property is affected thereby is the one most vitally interested in the improvement, and he above all others should inquire into the regularity or irregularity of the proceedings, but if he does not do so he will not be permitted to stand by until the work is completed, receive the benefits therefrom, and in a collateral way defeat the taxes so assessed against his property. *City of Evansville* v. *Pfisterer* (1870), 34 Ind. 36, 45, 7 Am. Rep. 214; *Ross* v.

*Stackhouse, supra; Racer* v. *Wingate* (1894), 138 Ind. 114, 118; *Taylor* v. *Patton* (1903), 160 Ind. 4; *Rosenbark* v. *Clements, supra.*

In the light of the authorities cited, the second paragraph of the answer averred facts sufficient to estop the appellant herein from enjoining the collection of the taxes so assessed. The decision in the case of *Pittsburgh, etc., R. Co.* v. *Oglesby* (1905), 165 Ind. 542, is not in conflict with the doctrine of the cases to which we have referred herein, or to the conclusion which we have reached. In that case no estoppel was invoked, nor did the common council refer the civil engineer's report to any tribunal to try and determine the benefits and damages of the property owners.

The judgment is affirmed.